1821.

COSTER
v.
MURRAY.

COSTER and others *against* MURRAY and MURRAY.

Where goods in which both parties were interested, were sent to the defendants, who agreed to be accountable for the share of the plaintiffs, or the proceeds thereof, and to charge no commission on the sale, *it seems* not to be "a trade of merchandise, between merchant and merchant," within the meaning of the exception in the statute of limitations. [*Sess.* 24 *ch.* 183. s. 5.   1 *N. R. L.* 184.]

The defendants, in such case, are considered as trustees or gratuitous bailees for the plaintiffs; and the statute of limitations does not apply to a direct trust, as between the trustee and *cestui que trust;* nor to parties standing in relation of principal and agent or factor, and not in the proper relation of debtor and creditor, or of joint partners in trade.

Whether the exception in the statute does not apply to other persons than merchants? *Quere.*

Whether even *open* accounts between *merchants*, where the last item is above six years standing, are not within the statute of limitations? *Quere.*

If part of an open current account be within six years, it draws after it items beyond six years, so as to protect them from the statute.

To bring a case within the exception, there must be mutual accounts between the parties. Where all the items are on one side, the last item, though within six years, does not draw after it those of longer standing.

*Nov* 12th, and *December* 10th.

THE bill, (filed *June* 23d, 1821,) stated, that the plaintiffs were assignees of the *Columbian Insurance Company*, which company, on the 2d of *April*, 1810, insured for the house of *T. S. Clarkson & Co.* 10,000 dollars, on sugars, on board of the ship *Egeria*, belonging to the defendants, on a voyage from *New-York* to *Russia*. The voyage was broken up at *Copenhagen*, and the cargo abandoned to the insurers, who paid the loss; and the property was assigned to them on the 23d of *May*, 1811. The sugars were sold, and the proceeds of them received by *George Dickenson*, agent of the insu-

sers, at *Copenhagen*. In the summer of 1813, *D.* as agent of the insurers, and the defendant *James B. M.* as agent of the defendants, made a joint purchase of linens at *Copenhagen*. *D.* paid one *third* of the price out of the proceeds of the sugars; and it was agreed that the linens should be shipped on joint account of the principals of the two agents, and that the plaintiffs should be entitled to one third of the proceeds; and that if the sale of the linens was made by the defendants, no commission should be charged on such sale. *James B. M.*, on the 7th of *July*, 1813, wrote a letter to *D.*, admitting the interest of the plaintiffs to one third of the linens, and the net proceeds thereof, and they to be chargeable with one third of the expenses, but with no commissions, if the linens were sold by the defendants. The linens were shipped from *Copenhagen* by the defendants, or under the direction of *James B. M.*, for and on their behalf, to the *U. S.*, and came to the defendants, who sold them, received the proceeds, and mingled the moneys so arising from the sale, with their own money. The *Columbian Insurance Company* became insolvent, and the plaintiffs were appointed assignees on the 22d of *May*, 1813. *D.*, in the spring of 1814, delivered to the plaintiffs an order on the defendants for one third of the linens, or the proceeds, &c. The defendants admitted to the plaintiffs, that they had the proceeds, and furnished the plaintiffs with an account thereof. The bill alleged, that the defendants, in their account, charged expenses, which were unwarrantable, such as 1,000 dollars for insurance, and 1,153 dollars for commissions, and refused to account for the one third of the proceeds, unless those charges were allowed.

The defendants put in a plea of the statute of limitations, and an answer denying any promise to pay within six years.

*November* 12th. The cause was heard on the pleadings.

*H. Sedgwick*, for the defendants. He cited 2 *Saund.* 127.

1821.

COSTER
v.
MURRAY.

note. 2 Johns. Rep. 200.   6 Vesey, 580. 586.   15 Vesey,
198.   18 Vesey, 286.   1 Merivale's Rep. 498.   3 Tyng's
Mass. Rep. 201.

G. Griffin, contra.   He cited 1 Vernon, 456.   3 Bro. C.
C. 633. 639. note.   3 Atk. 105.   2 Vesey, jun. 280. 572.
582, 583.   10 Vesey, 466, 467.   2 Freeman's Rep. 22.

THE CHANCELLOR.   It has been contended, on the part
of the plaintiffs,

1. That this case came within the exception in the statute
of limitations, as being an action " which concerned the
trade of merchandize, between merchant and merchant,
their factors or servants ;" and,

2. That the claim contained in the bill, related to the
execution of a trust, and, therefore, was not within the
statute.

1. To bring a case within the exception in the statute,
there must be mutual accounts, and reciprocal demands
between two persons.   This was so ruled by Mr. J. Deni-
son, in Cotes v. Harris.   (Buller's N. P. 149. 150.) Lord
Kenyon said, afterwards, (Peake's N. P. 121 and 6 Term
Rep. 193 ) that he took a note in that case, and furnished it
for publication, and that Denison, J. was well acquainted
with the import of the statute, and said, that where all the
items were on one side, the last item, though within six
years, did not draw after it those of a longer standing.
There must be mutual accounts.

In the present case, there was no account current between
the parties.   There are no mutual and reciprocal demands.
The demand is all on one side, except it be the charge of
expenses and commissions incident to the very subject
matter in question ; and I should much doubt whether
this made it a case of mutual accounts within the mean-
ing of the exception.   The defendants took charge of,
and agreed to be accountable for, some goods, or the pro-
ceeds thereof, in which the parties had a joint interest ; and,

as concerns these parties, and as between them, this hardly seems to be a " trade of merchandize between merchant and merchant." Possibly, however, that is not necessary, as Lord *Kenyon* has ruled, *(Peake's N. P.* 122.) that the exception extended to other persons than merchants.

But if it were admitted to be a case of merchandize, between merchant and merchant, yet the sale of the goods, and the receipt of the proceeds by the defendants, and their accountability for them, were all prior to six years before filing the bill, and it becomes a very serious question whether the statute does not apply to such a case. The question has been much discussed, and given rise to contradictory opinions and decisions, and seems not to be definitively settled at *Westminster Hall,* even to this day.

It has been contended on one side, that the exception in the statute of limitations, expressly, and without any qualification, excludes merchant's accounts, and that if it appears in the case, that the action concerned the trade of merchandize between merchant and merchant, no length of time was a bar, as the exception in the statute prevented its application absolutely to such a case.

The case of *Sandys* v. *Bladwell,* (Sir *William Jones,* 401.) contains an observation to that effect. An account was made between *F.* and *B.,* both merchants, and *B.* acknowleged 1,200 pounds due, and *F.* claimed more, and before the whole account was finished, *F.* died. His executor filed a bill against *B.,* who pleaded the statute of limitations ; and *Jones, Cooke* and *Barkeley,* justices, to whom it was referred from Chancery, certified it was no bar, because the account was not ended, and because it was between merchants.

The last ground taken by the judges of the K. B., in this case, viz. *because it was between merchants,* goes to prove. that matters of merchandize, between merchants, were not within the statute of limitations. But this whole case is too loose and concise to be of much authority, and

1821.

COSTER
v.
MURRAY.

there is another ground mentioned in the case, which might have been sufficient to support the opinion of common law judges, viz. that *the account was not ended.* It was an open current account, and part of it might have been within the six years. There are much weightier authorities in support of this side of the question. Thus, Lord *Hardwicke*, on the 9th of *July*, 1737, according to a case referred to by Lord *Eldon*, in 19 *Vesey*, 180. said, that the exception, as to merchants' accounts, is not to be confined to open accounts merely, for between common persons, so long as the account is continued, the statute does not bar. The exception, therefore, he said, must mean something more; and he seemed to think that *between merchants*, an open account would do, though there had been no dealing within six years. So, also, in *Catlin* v. *Skoulding*, (6 *Term*, 189.) Lord *Kenyon* observed, that where there was no item of account at all within six years, the plea would bar, unless the plaintiff could bring his case within the exception concerning *merchants' accounts*, and then the plaintiff is not bound, though there be no transaction of any kind between the parties for six years. These observations of the chief justice were, however, rather extra judicial, for in that case, there were credits on each side within six years, so as to render it a current and open account.

On the other side, there is a class of cases, which go to show, that the exception in the statute of limitations extends, even as to merchants' accounts, *only* to cases in which there had been some transactions within six years. In such cases, the items within the time, will draw to them and protect all the prior items in an open and running account, though reaching beyond the six years. There are several pretty strong cases, and some adjudications on the point.

In *Webber* v. *Tivill*, ( 2 *Saund.* 124.) the suit was *assumpsit*, by a merchant against a merchant, and a plea of the statute of limitations. The replication averred, that the promises arose on trade, between merchant and mer-

chant, concerning merchandize ; and, on demurrer, judgment was rendered for the defendant. It was declared, that the statute intended only to except accounts open or current, between merchants, and not accounts stated between them, though the counsel for the plaintiff pressed the position, that actions concerning merchandize were absolutely excepted. The next case arose on the equity side of the Exchequer, in *Bridges* v. *Mitchell*: (*Gilb. Eq. Rep.* 224. 12 *G.* 1.*)* that was a bill by one merchant against another for an account, and a plea of the statute of limitations. The Court held the plea to be good, and said, that the statute had always been construed to except open accounts between merchant and merchant, but if the open accounts be by subsequent acts continued, they are not bound ; but if such accounts be by the plaintiff deserted, then they are barred. In *Welford* v. *Liddel*, (2 *Vesey*, 400.*)* there was a bill for an account, and a plea of the statute. It was for an account concerning transactions between the plaintiff and his deceased father. The case does not state, whether the account concerned merchandize between merchant and merchant ; but Lord *Hardwicke* goes on to observe, that " It was a pretty difficult construction here to apply that exception in the statute, relating to merchants' accounts. It is not, that the defendant may not plead the statute in all cases, where the account is closed and concluded between the parties, and the dealing and transaction over. It was not the meaning to hinder *that* ; but it was to prevent dividing the account between merchants, where it was a running account, when, perhaps, part might have begun long before, and the account never settled, and perhaps there might have been dealings and transactions within the time of the statute." He accordingly allowed the plea. This opinion is not to be reconciled with the prior doctrine of Lord *Hardwicke*, already referred to, and the two decisions seem to contain directly opposite constructions of the statute.

The case of *Martin* v. *Heathcote*, before Lord *Northing-ton*, (2 *Eden*, 169.) is a decision in conformity with this last opinion of Lord *H.* It was a bill for an account of mercantile transactions ; and the defendant, in his answer, set up the statute of limitations. The Chancellor observed, that " merchants' accounts, after six years total discontinuance of dealings, were as much within the statute as other accounts. The difference was, that a continuance afterwards, would prevent the statute running against merchants' accounts, *but would be a bar as to all articles before six years in other accounts.*"

We come next to the decision of Lord *Rosslyn*, in *Crawford* v. *Liddell*, in 1796, which appears to be also directly in point, if we may rely upon an imperfect note of the case, as cited by the counsel, in *Jones* v. *Pengree*, 6 *Vesey*, 580. It was a bill for an account, and a plea of the statute, with an averment, that it was not a merchant's account. The Lord Chancellor held, that the meaning of the exception in the statute was, that if any transactions between the parties took place within six years, none of the transactions should be barred ; but that when all the transactions were over six years, the statute might be pleaded, as well to merchants' accounts as others; and the plea was allowed. This opinion was in accordance with the prior decision of Lord *Northington.*

But, notwithstanding these several strong opinions and decisions, the question was not considered as settled ; and the facts in the cases cited were, perhaps, viewed as not bringing up the very point now under discussion. In *Jones* v. *Pengree* (6 *Vesey*, 580.) the same question was raised and discussed, and most of the cases on the point cited. But the cause went off on another point, and no opinion was expressed by Lord *Eldon* on the question. The same thing may be said of the case of *Duff* v. *East India Company*, (15 *Vesey*, 198.) where the question was very fully discussed, and treated as an open question  The two points raised,

were, whether a demand, upon a single transaction of sale be-
tween merchant and factor, was within the exception as to
merchants' accounts, in the statute of limitations; and whether
the exception applied to merchants' accounts generally, or
to those only with items continuing within six years. The
counsel for the defendants asserted, that there was *no instance*
of an account between merchants closed for six years, that had
been treated as open and continuing, and as within the excep-
tion, and such an instance, in that commercial country, ought
to have been shown on the other side. They contended,
that merchants were peculiarly liable to loss of vouchers,
and ought to be protected by the statute equally with other
persons, and that to exclude merchants' accounts altogether,
and to hold it immaterial whether the account was continu-
ing, or the parties had ceased to be merchants for forty
years, would render the statute useless, and be very incon-
venient.

The Master of the Rolls decided the cause on other
grounds, and took no notice of this point.

In *Barber* v. *Barber,* (18 *Vesey,* 286.) the question was
again brought before Sir *Wm. Grant,* the master of the
rolls. It was a bill for an account against the repre-
sentatives of a surviving partner, and a plea of the sta-
tute of limitations. The counsel on one side contended,
that, as all dealings had ceased above six years, the statute
was a bar to merchants' accounts, and the counsel on the
other side insisted, that merchants' accounts were excepted
by the words of the statute. It was decided that the case was
within the statute, as all accounts had ceased for six years.

This case would seem to have been sufficient to have ended,
forever, all further agitation of this old and vexed question.
But afterwards, in *Foster* v. *Hodgson,* (19 *Vesey,* 180.) the
very same point came again before Lord *Eldon.* It was a bill
upon an open and running account. The defendant was
a banker and the plaintiff a merchant. There was no
settlement or demand for 12 years, and a demurrer was

put in, founded upon the statute of limitations. The sta-
tute was pressed, and among others, by Sir *Samuel Romilly*,
the very distinguished counsel, who had contended for the
application of the statute in all the other cases, which have
been cited from the younger *Vesey*. It was observed, that
a notion had prevailed that, by the effect of the exception
in the statute, there was no limitation to a suit upon mer-
chants' accounts, but that the meaning was, that if the last
item of the account was within six years, that preserves all
the preceding items of debt and credit from the operation of
the statute. Lord *Eldon* said, that the bill had no allegation
that the foundation of the suit was accounts relative to
*merchandise between merchant* and *merchant*. He did not,
therefore, decide the question, though he took notice of
the conflicting decisions, and observed, that the case in
1 *Vernon*, 474. that the statute was no bar to an open
account, was overruled by Lord *Talbot*, who held, that an
open account was within the statute, unless some item of
charge and debit was within six years. He further observ-
ed, that the doctrine upon the question, whether the same
law that applies to *open accounts* applied also to *merchants'
accounts*, was not to be reconciled.

Thus stands this question upon the *English* authorities,
It still remains to be definitively settled, though I think
the weight of authority is much in favour of the applica-
tion of the statute to open merchants' accounts, when the
item is above six years before the commencement of the
suit; and it is rather surprising, that Lord *Eldon* should
consider the point as still unsettled, after the decisions of
Lord *Northington*, Lord *Rosslyn*, and Sir *Wm. Grant.*
In *Ranchander* v. *Hammond*, (2 *Johns. Rep.* 200.) our
Supreme Court considered, that the *English* decisions ap-
plied entirely to our statute, notwithstanding some slight
variation in the phraseology of the act; and that the excep-
tion in the act applied only to open and current accounts,

and not to accounts stated. But whether some part of an open current account must fall within the six years, to bring the case within the exception, is a distinct question, not hitherto decided in our Courts. It is only settled, that if part of an open current account be within six years, that part draws after it the articles beyond six years, so as to protect them from the statute. The cases cited assume this rule, and it was so decided also in *Cogswell* v. *Dolliver*, 2 *Mass. Term Rep.* 217.

Assuming the case before me to be one that concerned the trade of merchandize between merchant and merchant, I should rather be inclined to think the statute was well pleaded, and that the case did not fall within the exception. It is not, however, necessary to give any decided opinion on the question, because the case does not require it, as it seems not to be a case of mutual accounts, and so not within the exception. But as the general question was made a point upon the argument, and as it is not altogether settled, whether such a case as the one presented by the pleadings, might not be deemed to fall within the exception to the statute, I thought it would be useful to review the principal cases on this much litigated subject.

2. The other ground, taken by the plaintiff's counsel, appears to me to be decisive, in their favour, and to take the case out of the statute, without having recourse to a *proviso*, which, if originally clear upon the text itself, has been rendered perplexed and litigious, by the commentaries of counsel, and the contradictory doubts and decisions of Courts.

If there was a trust created in the defendants, to account as agents or trustees, for these goods, or the avails thereof, the case is not within the statute, for that does not reach to matters of direct trust, as between trustee and *cestui que trust*. (*Vide* the cases referred to in 1 *Eq. Cas. Abr.* 303. A. and 3 *Johns. Ch. Rep.* 216. 222.) It appears very clearly, that here was a trust, a deposit to be accounted for.

1821.

COSTER
v
MURRAY.

The defendants assumed the charge and direction of the goods in which the *Columbian Insurance Company* had an interest to one third part. They became the agents or factors of the company, as to the amount of their interest, and were entitled to their reimbursement and indemnity for all charges and expenses incurred by them in the execution of the trust. The defendants were to have no commissions if they sold the goods, and the deposit with them was in the nature of a gratuitous bailment or trust. The parties were not partners, and accountable for each others acts. They had respectively their *aliquot* shares of the cargo, shipped by the defendants from *Copenhagen,* and the latter had the possession and control of the entire interest of both parties, and assumed the direction and disposition of the whole, and were to account to the company for their proportion of the proceeds. This was a plain case of trust. The parties stood not in the relation of debtor and creditor, or of joint partners in trade, but in the relation of agent or factor and principal, and the statute of limitations does not apply to the case. In *Godfrey v. Saunders,* (3 *Wils.* 94.) the defendant was sued in an action of account, as factor He plead the statute of limitations, that there was not any open account between them within six years. The plaintiff replied, that he was a merchant, and the defendant his factor, and *had the care of goods to render an account,* and that the account concerned trade and merchand ze, and was never adjusted. The defendant rejoined, that the account did not concern trade and merchandize. Upon the trial, this issue was given up by the defendant's counsel, and the jury found for the plaintiff, and there was a judgment *quod computet.* This is a case showing clearly, that a factor is responsible upon an open account, though not within six years. So in *Stiles v. Donaldson,* (2 *Dallas,* 264.) the defendant set off against a bond an unliquidated account between him and the plaintiff, con-

cerning the sale of goods by the plaintiff as agent and factor for the defendant. And though the plaintiff objected to the proof of the set off, on the ground, that the statute of limitations was a positive bar, as there was a lapse of 17 years since the date of the last item of the account, yet the evidence was admitted, and the decision of the Court of Common Pleas of *Philadelphia*, was affirmed on error to the Supreme Court, on the ground, that the accounts were not within the act of limitations. It is an anciently settled rule, (1 *Ch. Ca.* 20. 3 *Ch. Rep.* 5.) that if one person receives money in trust for another, he cannot plead the statute in bar of an account. In *Hollis'* case, (2 *Vent.* 345.) money was lent to *B.*, to be disposed of as *A.* should direct, and it was held. that this was a *depositum*, and a trust to *A.*, and the statute could not be plead. The present is as strong a case of trust, as any that have been alluded to. The defendants take the plaintiffs' goods, to account for them without commission, and they convert the goods into cash, and receive the proceeds, and now set up the statute. Under the circumstances of the case, as admitted by the plea, there cannot well be conceived a grosser breach of trust, and of the obligations of good faith.

I shall. accordingly, on this second ground, overrule the plea, and reserve the question of costs, until the final hearing. and direct the defendants to answer in four weeks, after service upon their solicitor of a copy of this order.

· Order accordingly.