Allen, J.
Supposing the complainant to be entitled to his proportion of the grain crop growing at the *84 time of the reference, that must have been gathered in the summer of 1833. There is nothing to shew that any debts have been collected or paid by the firm since that period. The partnership had terminated, and all its transactions with others would seem to have been closed, more than five years before the institution of this-suit. As early at least as the summer of 1833, there might have been a full settlement of the accounts, so as to ascertain the rights and liabilities of the different partners. Tiie attempt which had been made, with the assistance of their mutual friends, to settle, had failed ; the parties disagreeing. This occurred more than five years before the bill was filed ; and from that period they stood, in regard to the partnership, in a hostile attitude towards each other. Upon this state of facts, it becomes necessary to determine whether the statute of limitations is a bar to the relief sought.
The counsel for the appellee has contended, That the exception “of such, accounts as concern the trade of merchandise between merchant and merchant, their factors and servants,” extends to all such accounts, although there may be no item within five years: That a partnership for the purposes disclosed in this record, constituted these persons merchants within the meaning of that clause: and That the statute cannot be pleaded in bar to an unsettled account between partners.
On the first point, there seems to have been much diversity of opinion amongst the english judges, and the question until recently was considered as an open one in that country. On the one hand, the courts held, that as between parties not merchants, where some of the items of a mutual account are within the period of limitation, the case is taken out of the statute: whilst on the other hand it has been determined, that as between merchant and merchant, where all accounts had ceased for six years, the statute was a bar. These de *85 cisions destroyed all distinction between accounts con-earning the trade of merchandise between merchant and merchant, and other open mutual accounts. The various cases upon this subject are reviewed and commented upon by chancellor Kent in Coster v. Murray, 5 Johns. Ch. Rep. 522. He seems inclined in that case to adopt the construction given by the english courts in the earlier cases, which would, in effect, repeal the exception contained in the statute altogether. Since these cases were reported, the question has been decided in the house of lords, and the construction of the exception settled in opposition to the earlier opinions; the house of lords holding that the account was not barred, though none of the items were within the six years. Robinson v. Alexander, 8 Bligh 352. The supreme court of the United, States, in the case of Mandeville &c. v. Wilson, 5 Cranch 15. has adopted the same construction. Chief justice Marshall, delivering the opinion of the court in that case, says—“ The exception extends to all accounts current which concern the trade of merchandise between merchant and merchant. An account closed by the cessation of dealings between the parties is not an account stated, and it is not necessary that any of the items should come within five years.” The same construction has been given to the statute by the courts of some of our sister states. In our own courts the question has not been decided. It was discussed in the case of Watson &c. v. Lyle’s adm'r, 4 Leigh 236. but the case went off on other grounds. Judge Tuclter however, in the opinion delivered, concurs with judge Marshall. After referring to the contradictory decisions in England, he quotes the opinion in Mandeville &c. v. Wilson, and adds, “ This is the reasonable doctrine; for otherwise there would be no perceivable difference between merchants’ accounts and others.” It seems to me to be the clear intention of the statute to except such accounts from its opera *86 tion altogether. Independent of the statute, there is no bar to personal actions, except the presumption an-sing from the lapse of time. The law was passed to remedy this evil; but, by express words, exempted certain accounts from its operation. Such accounts stand as though the statute had never been enacted; and the courts, in requiring some of the items to be within the period of five years, bring within the operation of the statute a subject which the legislature had intended to exclude.
Were these parties, from the facts disclosed in the record, merchants within the meaning of that clause of the statute ? I have not thought it necessary to consider the question whether a partnership for carrying on such business as these parties were engaged in, would constitute them merchants in the proper sense of the word. In the view I have taken, it is not necessary to decide whether persons engaged in such transactions can properly be styled merchants ,* though I have a. very strong conviction that such accounts do not fall within the description of accounts concerning the trade of merchandise. _ But w'aiving that question, is there any authority for the position that accounts between partners in merchandise are embraced in the exception, and that they are to be treated, in regard to their mutual accounts, as merchant and merchant? No such authority has been produced ; nor have I been a,ble to find any case in the english reports, where the question has been much considered. It arose in 1726, in the case of Bridges v. Mitchell, Bunbury’s Rep. 217. but was not adjudged. This case is referred to as a very important authority upon the point decided by it, by the lord chancellor in Foster v. Hodgson, 19 Ves. 180. In Bridges v. Mitchell, the bill set forth that the plaintiff and defendant, many years before, were partners as merchants; and prayed a discovery, account and satisfaction. The defendant relied on the statute of li *87 nutations. The plea was allowed on the long acquiescence of the party. And it is stated that “ the court seemed to think this was not a merchant’s account within the statute, these persons not dealing as merchants with one another, but as one merchant with others; but gave no opinion on this head.” Notwithstanding the intimation thus given at so early a period, the subject seems not to have been again adverted to in any of the english cases. Our own reports are silent respecting it. But in the case of Patterson v. Brown, 6 Monroe 10. the precise question was decided by the court of appeals of Kentucky. There the complainant charged, that he and the defendant were partners in a grocery store; that they had long since dissolved, and had never settled their accounts. The defendant admitted the partnership and its dissolution, denied any balance, and relied on the statute. The court held, that accounts between the partners of this mercantile firm were not embraced by the terms “ accounts concerning the trade of merchandise &c.” and therefore that such demands were barred by the lapse of five years. The court say, that the first clause of the exception would seem to meet the case, and the mutual accounts of the parties wdlh each other might be considered as accounts concerning the trade of merchandise : but that this clause alone cannot give the construction: that the whole exception must be taken together, otherwise all accounts between a merchant and his ordinary customers would fall within the exception, for they are accounts concerning the trade of merchandise: that the accounts must not only be concerning the trade of merchandise, but they must be betw'een merchant and merchant: that both parties must be merchants dealing in their several businesses with each other; and that partners cannot be regarded as occupying such a relation to each other. On this head, their reasoning is but an amplification of the suggestion contained in the case of Bridges v. Mitchell, that “ these persons *88 do not deal as merchants with one another, but as one merchant with others.” And it seems to me that no other conclusion could have been arrived at. Whilst the partnership subsists, the individuality of each partner, for the purposes of the partnership, is merged. Their mutual accounts grow out of the dealings of the firm, as a unit, with third persons, and do not arise out of individual dealings with each other. When the business has closed, they stand, in respect to such accounts, in the same situation as others having unsettled accounts to adjust; and I do not perceive how such accounts can be considered as accounts between merchant and merchant.
If the parties are not to be treated as merchants, is there any thing in the mere relation of partners, which would exempt their unsettled accounts, after the business of the firm has entirely closed, from the operation of the statute ? No case has been cited, in which it has been held that the existence of such an unsettled account constitutes an exception. Most of the cases, indeed, have proceeded upon the presumption that no such exception exists. The case of Barber v. Barber, 18 Ves. 286. was a case of partnership. The bill prayed an account against the representative of a deceased partner. The dealings having ceased for more than six years, the court held the case to be within the statute. The plaintiff relied upon the exception : but if the mere fact of there being unsettled accounts between partners had been sufficient to take the case out of the statute, it was unnecessary to rely on the exception, and the court should have entertained the case. The same remark applies to the case of Patterson v. Brown, 6 Monroe 10. In Coster v. Murray, 5 Johns. C. R. 522. chancellor Kent entertained the bill, upon the ground of a trust between the parties. But his argument goes to establish that the parties did not stand in the relation of debtor and creditor, or of joint partners, but in that of agent or factor and principal, and so the *89 statute did not apply: from which it may be inferred that in his opinion it did apply to joint partners. The words of the statute embrace the accounts of partners, as well as others; and if they cannot be treated as merchant and merchant trading with each other, the exception cannot apply to them.
Nor can I perceive any thing in the policy of the law, which should lead us to create a new exception, not contained in the statute. Looking to the period at which the exception was introduced, there can be little doubt that it was intended to apply principally to cases of merchants resident in England, and their correspondents, servants and factors abroad. Owing to their distance, the difficulty of communication, and the necessity of an extended credit for the transaction of their business with each other, it was deemed improper to subject them to the operation of the statute. But none of the reasons which apply to them are applicable to the case of partners. They are ordinarily in the habit of communication with each other: the business having closed, there is no necessity for an extended credit: and the risk of doing injustice, from the death of witnesses, loss of vouchers, and failure of evidence, is as great in their case as in the case of ordinary accounts. Upon the close of the business, each partner is entitled to his share of the partnership effects ; and for the balance which may be due from one to the other, they stand in the situation of ordinary debtor and creditor. They should also be held to the same degree of diligence.
In the case under consideration, there was every motive to urge the partners to an immediate settlement. As early as the spring of 1833, when the partnership had terminated, and its concerns been closed (according to the pretensions of both parties) except as to one inconsiderable item, the grain which was then growing* *90 they made an effort to settle, but disagreed. The pretensions on the one hand and the other were controverted. But though apprized that his claim to any balance would be resisted, the complainant seems to have abandoned the subject for more than five years. Under these circumstances, the statute, it seems to me, was a complete bar to any investigation of these accounts, and the court should have dismissed the bill.
Stanard, J.
The claim of the appellee, under its ■most favourable aspect so far as it is affected by the defence on the statute of limitations, is that of one partner against another, arising from a partnership in the cultivation of a farm, the purchase and sale of stock, and the conducting of a distillery; the partnership having ceased, and the claim asserted by the bill having been resisted by the partner sued, more than five years before the suit commenced ; and there having been no item of debit or credit to either partner, nor any claim by or against the partnership outstanding, within five years before suit. The first question is, does the statute of limitations present an effectual defence to such a claim ?
The argument on the part of the appellee is, that an account between mercantile partners is embraced by the exception in the statute, of accounts “ relating to the trade of merchandise between merchant and merchant, their factors or servants that such a partnership as that which existed between these parties, is, within the intent and meaning of the statute, a mercantile partnership: and that while the accounts between such partners remain open and unsettled, the statute of limitations is no defence to a suit for the settlement of them.
It is remarkable that the question, whether the accounts between partners who are confessedly partners as merchants, are embraced by the exception in the *91 statute of limitations, seems never to have been adiudicated by our own courts, and has never been distinctly decided by the courts of Westminster hall. In the case , of Bridges v. Mitchell, Bunb. 217. the reporter states, that “ the court seemed to think that this was not a merchant’s account within the statute of limitations, these persons not dealing as merchants with one another, but as one merchant with others ; but gave no opinion on this headand I have found no case in the reports of the decisions of Westminster hall, in which an opinion on that question is more strongly intimated.
The absence of decisions of this question is to be ascribed to the operation of the decisions of two other questions, the combined effect of which rendered the decision of this supererogatory.
These wmre, 1st, That where there had been mutual dealings between parties, whether merchants or others, and whether the dealings related to the trade of merchandise or not, if one of the items of the current account was within the term of limitation of the statute, the claim for the balance that might be ascertained on the adjustment of the account embracing that and the other items, was not barred by the statute : and 2dly, That although the account were confessedly between merchant and merchant, relating to the trade of merchandise, yet if the dealings had ceased for the term of limitation, and there were no item within that term, the claim on such account was subject to the bar of the statute. Although there was some fluctuation in the decisions upon this second question, I think with chancellor Kent in Coster v. Murray, 5 Johns. C. R. 522. that up to the time when he decided that case, the preponderance of authority of the courts of Westminster was in favour of the decision. A different (and, I presume, final) decision has been since made by the house of lords in the case of Robinson v. Alexander, 8 Bligh 352. and the law as now settled in England, leaves the case *92 accounts between merchant and merchant, relating to the' trade of merchandise, within the exception of ^e statute, though the dealings may have ceased for more than the term of limitation, and there be no item within the term. ,
Were the decree of the court in this case to be governed by the decisions of the english courts prior to the case in 8 Bligh, they requiring that in respect to claims on accounts, even between merchant and merchant, relating to the trade of merchandise, some item should be within the term of limitation, to prevent the bar of the statute, it would sustain the defence in this case.
The objection (and I think a most cogent one) to those decisions in their combined effect, is, that that effect renders the exception in the statute practically superfluous and inoperative. My opinion is, that accounts between merchant and merchant, relating to the trade of merchandise, being expressly excepted from the effect of the statute, suits on them while they continue open and current are not liable to the bar of the statute, even though the dealing may have ceased for more than five years, and there be no item within that time. This opinion rests on the plain language of the statute, and is sustained by the case in Bligh, which finally settles that question in England, and the authority of the supreme court of Massachusetts, Bass v. Bass, 6 Pick. 362. S. C. 8 Pick. 187. and of the supreme court of the United States, Mandeville &c. v. Wilson, 5 Cranch 19.
The question remaining to be solved is, are accounts between merchant partners embraced by the exception ? The absence of decisions on this point both in England and in this state has already been noticed. The question has, however, been expressly decided in the negative by the supreme court of Massachusetts, Cotman v. Rogers, 10 Pick. 112. and in Kentucky, 3 Mon *93 roe 330. 6 Id. 10. The result of my examination of the question is a concurrence in those decisions. It is hardly necessary to remark, that according to this opinion, to subject a suit for the settlement of partnership accounts to the bar of the statute, it must not only appear that the partnership has ceased more than five years, but that there were no valid claims of debit or credit against or in favour of the partnership, paid or received, or outstanding, within that time. For, as any such claim paid or received by either partner would form an item in the account between them, that might protect the claim on the account from the bar of the statute, on the principle applicable to mutual accounts, whatever may be the subject of such accounts,or whatever the vocation of the parties.
It is not necessary to decide the third proposition which it was incumbent on the appellee to sustain; that is, whether, within the meaning of the exception, the partnership in question is a mercantile one, and its dealings to be regarded as dealings relating to the trade of merchandise. My impression is, that it is not: but, for the reasons assigned, I forbear to express a definitive opinion on the point.
The other judges concurring, decree reversed and bill dismissed with costs.