Statement.

## Wytheville.

GOODELL'S EX'ORS v. GIBBONS, FOR ETC.

### July 11, 1895.

1. PRACTICE AT COMMON LAW—*Continuance—Special Jury.*—Motions for continuance and also for a special jury are alike addressed to the sound discretion of the court, and its judgment will not be reviewed, unless it plainly appears that the discretion has been improperly exercised.

2. EVIDENCE—*Competency of Witness—Sections 3346 and 3348 of the Code.* Sections 3346 and 3348 of the Code, relating to the competency of witnesses, were not designed to impose disqualifications on the competency of witnesses to testify, which did not previously exist. They were intended to remove incompetency in certain cases, and not to create it in any case.

3. STATUTE OF LIMITATIONS—*Burden of Proof.*—Upon the trial of an issue joined on the plea of the statute of limitations, the burden of proof is on the defendant to show that the cause of action did not accrue within the statutory period.

Error to a judgment of the Circuit Court of Smyth county, rendered March 29, 1894, in action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Affirmed.*

The opinion states the case.

*White & Buchanan*, for the plaintiffs in error.

*A. M. Dickenson* and *A. G.* and *W. C. Pendleton*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

This was an action of trespass on the case in *assumpsit*, brought by C. M. Gibbons for the benefit of Mary E. Kloeber, plaintiff, against the executors of Goodell to recover $469.18, for the price of a certain bill of lumber sold to the defendants' testator in his life time. The plaintiffs in error, who were the defendants in the court below, in the petition of appeal to this court, set out several grounds of error which will be briefly noticed.

First—That the defendants moved the court to continue the case until a succeeding term on account of the absence of a Miss Boothe, who had testified at a former trial, but who had removed from the Commonwealth, the defendants stating that they believed that her presence could be secured if the continuance should be granted. It appears that her deposition had been taken in anticipation of her removal from the State, and the court refused to continue the case on account of her absence. Motions for continuance are addressed to the discretion of the court, and its judgment will not be reviewed unless it plainly appears that that discretion was improperly exercised. From the facts stated in the bill of exceptions, we do not see that the Circuit Court committed any error in this respect.

The next error assigned is to the refusal of the court to allow a special jury at the instance of the plaintiffs in error.

It seems that this respect was not made until the motion for a continuance had been overruled, which suggests the idea that it was intended as a substitute for that motion. However that may be, this, too, is a matter addressed to the discretion of the Circuit Court, and while there may be circumstances under which a refusal to grant it would constitute reversible error, none such appear in this record. The regular jurors

were sworn upon their *voir dire*, and a jury free from all exception was secured.

Another error assigned is to the ruling of the court in permitting G. S. Smith, who, as agent for the plaintiff, sold and delivered the lumber to the testator of the plaintiffs in error, to testify as a witness on behalf of the defendants in error.

Our statute, found in sections 3346 and 3348 of the Code, was never designed to impose any disqualification upon the competency of witnesses to testify, which did not theretofore exist. It was intended to remove incompetency in certain cases, and not to create it in any case. See *Reynold's Ex'or* v. *Culloway's Ex'or*, 31 Gratt. 436. Under the circumstances of this case G. S. Smith would have been a competent witness at common law, and the Circuit Court, therefore, did not err in overruling this objection.

The fourth and last assignment of error presents a question of more difficulty and interest than those which we have considered.

The suit was brought to the first Monday in August, 1889, and the account filed with the declaration bears date in 1884, without designating the day, or the month of that year. From the account, it appears that in the year 1884 about 18,000 feet, or rather more than one-half, of the lumber sued for was sold and delivered to the testator of the defendants. The pleas were *non-assumpsit* and *non-assumpsit in five years*. The account was proved, but the proof is silent as to the exact date of the delivery of the lumber in the year 1884. The jury found a verdict for the defendant in error for the whole amount of her demand, and the plaintiffs in error moved for a new trial upon the ground that there was no proof that the cause of action arose as to the 18,000 feet of lumber within five years next preceding the institution of the suit.

This brings us to the consideration of a proposition which, it is believed, has not been decided in this court: Upon whom

does the burden of proof rest on the plea of the statute of limitations?

In *Wilkinson* v. *Holloway*, 7 Leigh, at page 288, Judge Carr, referring to the statute of limitations, says: "It behooves the pleader of the statute to make out a case to which it clearly applies." This was, perhaps, an *obiter dictum;* but a *dictum* from a source so distinguished is entitled to great consideration at our hands. In *Lewis* v. *Mason*, 84 Va. 731, 741, Judge Fauntleroy re-enforces this expression of opinion by adopting it in that case, where also it may be said not to have been necessary to the decision of the controversy there considered. It is, however, embodied in the syllabus of the reporter, and it is cited with approval by Barton in his Law Practice Vol. 1, p. 93. Mr. Minor, in 4 Minor's Insts. 652 (1st edition), in enumerating pleas which confess and avoid the plaintiff's case, gives, by way of illustration, Payment; Set-off; Special plea in the nature of a plea of set-off; Statute of limitations; Release; Accord and satisfaction; Gaming; Usury; Infancy; Coverture of a female at the time of the contract; and in discussing the plea of statute of limitations, at page 667, the author says that the plea of statute of limitations is one of the few defenses which cannot be given in evidence under the general issue of *nil debet* and *non assumpsit*. It must always be pleaded specially by the defendant; and at the foot of the same page he says: "This plea being by way of confession and avoidance, it, of course, admits the cause of action stated in the declaration to have been originally valid," citing *Brockenbrough* v. *Hackley*, 6 Call, 51. Starkie on Evidence and Greenleaf on Evidence state the law to be, that the burden of proof is upon the plaintiff to show both a cause of action and the suing out of process within the period mentioned in the statute. 2 Greenleaf on Evidence, sec. 431. In the note to that section, however, it is stated that "probably the better rule is to regard the statute as a defense which must be set up

by plea, and that the burden of proof is on the defendant to establish his plea. This he may, of course, do by using the allegations of the complainant as admissions of the plaintiff, and the burden of the evidence will then be shifted, to show some exception.'' For the law as stated in this note many decisions from courts of the highest respectability are cited. In 13 Am. & Eng. Ency. of Law, page 771, it is said that there is a great conflict of authority upon this point, and many decisions are given in support of both views of the subject. It is believed that in this State the practice has been almost uniformly to hold the burden of proof as resting on the party relying upon the statute. If the burden be upon the plaintiff to show both cause of action and the time when it accrued, it is difficult to perceive why the defense of the statute of limitations could not be made under the general issue of *nil debt* or of *non assumpsit*. If it be a plea by way of confession and avoidance, and if it be necessary that it should be pleaded specially by him who relies upon it, then the conclusion, as stated by Judge Carr, in *Wilkinson* v. *Holloway*, *supra*, would seem to follow necessarily ''that it behooves the pleader of the statute to make out a case to which it clearly applies.'' We think therefore, that the court did not err in refusing upon this ground to set aside the verdict of the jury.

Upon the whole case, we are of opinion that there was no error committed by the Circuit Court; that the proof was sufficient to warrant the verdict of the jury; that the instructions given were right and proper; and that the judgment of the Circuit Court must be affirmed.

AFFIRMED.