DRUMRIGHT *et al.*

*v.*

HITE *et al.*

(*Supreme Court of Appeals of Virginia, Jan. 28, 1897.*)

[26 S. E. Rep. 583.]

**Equity Practice—Statute of Limitations.***

Code, § 2915, limiting an action to recover land to 15 years next after the right to bring it accrues, will be applied in a suit in equity for land, and an account of the rents and profits.

**Same—Same—Case at Bar.**

A debtor conveyed land in trust primarily for the payment of his debts, and then for the benefit of his wife and children. A creditor brought suit to enforce the trust, and to him the land was sold under decree: *held*, in an equity suit by the debtor's children against such creditor to recover the land, that defendant was not precluded from setting up the statute of limitations because he acquired the land with actual notice of the trust in favor of plaintiffs.

Appeal from circuit court, Mecklenburg county.

Bill by C. C. Drumright and others against E. M. Hite and B. E. Cogbill, sheriff and administrator of the estate of R. W. Davis, deceased, to recover possession of land conveyed by S. S. Davis to a trustee, primarily to pay his debts, and then for the benefit of plaintiffs, his children, and his wife, since deceased, and for an account. From a decree in favor of defendants, plaintiffs appeal. Affirmed.

---

*See foot-note to Bargamin *v.* Clarke, 20 Gratt. 544 (Va. Rep. Anno.).

*A. S. Lee,* for appellants.

*W. E. Homes* and *Stiles & Holladay,* for appellees.

RIELY, J., delivered the opinion of the court.

It is prescribed by statute (Code, § 2915) that no person shall bring an action to recover any land lying east of the Alleghany mountains but within 15 years next after the right to bring such action shall have first accrued.

E. M. Hite, the defendant against whom was claimed the relief really sought, set up, among other defenses, the statute of limitations. He referred to and relied upon it in his answer, which was a sufficient mode of presenting it. Tazewell's Ex'r v. Whittle's Adm'r, 13 Grat. 329.

Equity, with respect to statutes of limitation, as a general rule, follows the law. If a legal right would be barred in a suit to enforce it in a court of law, it or an analogous equitable right will be likewise barred in a suit to enforce it in the equitable forum. Rowe v. Bentley, 29 Grat. 759 ; Harshberger's Adm'r v. Alger, 31 Grat. 67 ; and Hutcheson v. Grubbs, 80 Va. 257.

Upon the coming in of the answer the plaintiffs did not amend their bill and set up or claim the existence of any of the disabilities which, under the provisions of section 2917, if proved, would have prevented the running of the statute, nor seek to prove the same, but contented themselves with filing at the hearing a general replication to the answer. This defense was therefore limited by the pleadings to the single inquiry whether E. M. Hite and L. O. Hite, who claimed under E. M. Hite, had been in adversary possession of the land in controversy for more than 15 years prior to the institution of the suit. The burden of maintaining this issue devolved upon the defendants. Goodell's Ex'rs v. Gibbons, 91 Va. 608, 22 S. E. 504.

It is not every possession of land for the period prescribed by the statute that constitutes adversary possession under the

law, and will sustain the plea. The possession, to be adverse, must be actual, exclusive, open, and notorious, and be accompanied with a bona fide claim of title against the title of all other persons, and be continued for the period prescribed by the statutory bar. Creekmur v. Creekmur, 75 Va. 430 ; Chapman v. Chapman, 91 Va. 397, 21 S. E. 813 ; and Williams v. Snidow, 4 Leigh, 14.

The plaintiffs brought their suit in February, 1894, and charged in the bill that E. M. Hite had been in the wrongful possession and enjoyment of the land from December, 1872, up to the institution of the suit ; and it appears from the record that his possession was in pursuance of his purchase of the land at a sale made thereof at public auction under a decree of the district court of the United States for the Eastern district of Virginia, and under the conveyance to him, by order of the court, of the legal title by deed of November 19, 1873.

It thus appears that E. M. Hite was in the actual, exclusive, open, and notorious possession of the land, under a claim and color of title, for more than 20 years before the plaintiffs brought their suit. It is not material to inquire whether the proceedings in the district court which led to the sale of the land were regular or not, or whether the deed of conveyance vested in the purchaser a good title or not; for an adversary possession under a claim or color of title for the statutory period will ripen into a valid title, whether the possession be under a good or bad, a legal or equitable, title. Reusens v. Lawson, 91 Va. 236, 21 S. E. 347; Shanks v. Lancaster, 5 Grat. 120 ; and Creekmur v. Creekmur, 75 Va. 435.

It was argued against the bar of the statute that it did not begin to run against the appellants until the death of the widow of the settlor of the trust, which event occurred in January, 1889, upon the theory that under the provisions of the settlement she was entitled to the land for her life. It is perfectly clear that there is no ground whatever for this contention. She took either the fee-simple estate in the whole land, or a

joint interest along with the children of the settlor.    We need not stop to determine this question, for in either case the statute began to run as soon as the adversary possession commenced, and, having once commenced to run, it continued to do so until arrested by the institution of the suit.    Mooers v. White, 6 Johns. Ch. 360; Parsons v. McCracken, 9 Leigh, 495 ; Hudsons v. Hudson's Adm'r, 6 Munf. 352 ; Fitzhugh v. Anderson, 2 Hen. & M. 289 ; and Wood, Lim. (2d Ed.) § 6, and cases there cited.

It was further argued that E. M. Hite could not claim the protection of the statute of limitations, because he acquired the land with "actual notice and knowledge of the trust impressed upon it" in favor of the plaintiffs.    The principle of law thus invoked in their behalf presupposes a superior right or equity in them to the trust subject, when in fact the deed of settlement expressly created a trust in favor of the existing creditors of the settlor prior to the trust for the benefit of his wife and children.    Hite was a large creditor of the settlor at the time the trust was created and the settlement made.    His debts amounted on January 1, 1873, to $3,635.06, as shown by the report of Commissioner Boswell, filed in the circuit court of Lunenberg county in the suit brought by Hite to enforce the trust for the payment of the debts of the grantor. The litigation was transferred from the state court by the federal court to its forum, and the land sold under its order at public auction.    It brought $2,002, which was very little in excess of one-half of the amount of Hite's debt.    General allegations of fraud with respect to the sale were made in the bill, but there was not the least attempt to sustain them by proof.    The record does not disclose any ground for the application of the equitable principle above referred to.

It is very clear that an action of ejectment by the plaintiffs for the recovery of the land would be barred, and their suit in equity for the same purpose, upon the record as presented, can but share the same fate.    The decree of the circuit court must be affirmed.