COHEN *et al.*

*v.*

BELLENOT.

*(Supreme Court of Appeals of Virginia, Jan. 26, 1899.)*

[32 S. E. Rep. 455.]

**Appellate Practice—Proceedings in Error—Two Trials.**

Where there have been two trials, and the verdict on the first trial for plaintiff was set aside as not sustained by the evidence, and on the second trial verdict was rendered for plaintiff, on proceedings in error under Code, § 3484, as amended by Act March 3, 1892 (Acts 1891–92, p. 962), the appellate court must look first to the proceedings on the first trial; and, if the court erred in setting aside that verdict, it must annul all proceedings subsequent thereto, and enter judgment thereon.

**Same—Same—Same.**

Under Code, § 3484, as amended by Act March 3, 1892 (Acts 1891–92, p. 962), the court, on proceedings in error from a judgment rendered on a second trial, in determining whether the lower court erred in setting aside the first verdict, must look to the evidence as the trial court ought to have looked to it, and not as on a demurrer to the evidence.

**Action for Nuisance by Trustee—Damages.**

In an action to recover for an alleged nuisance, where plaintiff sues in her own right as trustee of the property, and not as an occupant, she cannot recover damages resulting to her as an occupant by reason of offensive odors, or other causes which do not affect the value of the property.

**Same—Same—Proof of Sickness.**

Where plaintiff sues, as trustee of property, to recover for nuisance, she can show sickness and suffering in her family caused thereby for the purpose only of proving the unhealthy condition of the premises.

**Evidence Tending to Prejudice Admitted for One Purpose—Instruction as to.**

Where evidence tending to prejudice the jury is properly admitted for one purpose, it is the duty of the court to instruct the jury that it is to be considered by them for that purpose only.

**Action for Nuisance—Defective Sewer—Instruction—Case at Bar.**

A complaint for nuisance alleged that the private sewer of defendant had an insufficient fall, whereby the sewerage was collected and thrown upon plaintiff's property, to his great injury. The only evidence showed that the fall was sufficient: *held*, that an instruction that, if the sewer was so badly constructed as to affect plaintiff's property, he was entitled to recover, was improperly given.

**Same—Declaration Alleged Continuous Nuisance—Recovery for Occasional.**

A declaration alleged that defendant's sewer was out of repair from the year 1886 until the time of bringing suit, and that the nuisance was a continuous one. Evidence showed that after 1892 no damage was caused thereby, and that the damage caused thereafter was produced by separate causes, which were remedied on each occasion: *held*, that plaintiff could recover for the occasional nuisances, though the declaration alleged a continuing nuisance, if the nuisances were caused in the manner alleged in the declaration.

**Sewers—Duty of Owner to Repair—Liability.**

Where a sewer connecting with a city main sewer was built at the expense of the landowner, and under the city ordinance it was his duty to repair the same at his expense on consent of the city, he is liable for a nuisance created by its want of repair, in the absence of evidence to show that the city had refused to allow him to repair.

**Continuous Nuisance—Recovery on Original Cause of Action—Statute of Limitations.**

Where a nuisance is a continuing one, the party complaining thereof cannot recover on the original cause of action after the expiration of the statutory period, but may for its continuance for any time within such period.

Error to law and equity court of city of Richmond.

Action by Bellenot, trustee, against Cohen & Co. Judgment for plaintiff, and defendants bring error. Reversed.

*Meredith & Cocke*, for plaintiffs in error.

*L. O. Wendenburg*, for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

There have been two trials in this case resulting in verdicts in favor of the plaintiff (defendant in error). The verdict on the first trial was set aside on the ground that it was not sustained by the evidence, the damages being excessive. Judgment was rendered for the plaintiff on the verdict at the second trial, and to that judgment this writ of error was allowed.

Under section 3484 of the Code, as amended by act of assembly approved March 3, 1892 (Acts 1891–92, p. 962), it is made the duty of the appellate court, in a case like this, to look first to the evidence and proceedings on the first trial ; and, if it discovers that the court erred in setting aside the verdict on that trial, it must set aside and annul all proceedings subsequent thereto, and enter judgment thereon.

The defendant upon whose motion that verdict was set aside insists that, in determining ·whether or not the court erred, this court must consider the question as on a demurrer to evidence. This contention cannot be sustained. The statute provides that, in determining whether or not the lower court erred in setting aside the first verdict, the appellate court shall look to the evidence and proceedings upon the first trial. Look at them in what manner? In the same manner as the trial court ought to look at them, as far as that is possible. Both courts are bound to sustain the verdict of the jury upon a motion to set it aside because contrary to the evidence, unless the evidence is plainly insufficient. How can this court say that the trial court erred in sustaining such a motion, in a case of conflicting parol evidence, if it cannot look to any of the evidence upon which the jury based their verdict, but must look alone to that evidence which they by their verdict have said they did not believe? A construction involving such a result will not be

Va Dec—41

put upon a statute, if any other reasonable construction can be placed upon it.

Considering the evidence and proceedings in this case as the trial court ought to have done, we cannot say that it erred in setting aside the verdict on the first trial. The evidence on that trial does not show that the plaintiff's property had been injured to the extent of the damages awarded by the jury. The plaintiff, suing in her right as trustee, and not as occupant of the property, had no right to recover any damages that may have resulted to her, as occupant of the property, by reason of offensive odors, sickness, or other cause which did not affect the value of the property itself.

The first error assigned is to the action of the court in admitting upon the second trial, over the defendants' objection, evidence as to certain sickness and deaths which had occurred in the plaintiff's family, as set out in bills of exceptions numbered 1, 2, 3, and 4.

The plaintiff was not, as above stated, entitled to recover in this action for any trouble arising from sickness, sorrow, suffering, or death in her family, although caused by the alleged nuisance, because she had sued as trustee, and not as occupant, of the premises. The court so informed the jury, and said to them, when the evidence was admitted, that it was only admissible to show the unhealthy condition of the premises, provided it was shown that the unhealthy condition of the premises was caused by the alleged nuisance.

For this purpose we think the evidence was admissible, and that the court did not err in admitting it.

It may be, and doubtless is, true that such evidence had a tendency to prejudice the minds of the jury; but that was no sufficient reason for rejecting the evidence, if it was admissible for any purpose. The proper practice is that which the court seems to have adopted, or at least intended to adopt, viz. to admit the evidence for the purpose for which it was ad-

missible, and to instruct the jury that it was to be considered by them for that purpose and none other.

Upon the next trial, as the case will have to be reversed upon other grounds, the court, if the defendants desire it, should instruct the jury more fully than was done upon the last trial for what purpose, and what purpose alone, they are to consider that evidence, if it is again introduced.

The next error assigned is to the action of the court in giving instruction marked "B," asked for by the plaintiff.

In that instruction the jury were told that if they believed that the sewer which drained the houses of the defendants was so constructed, out of repair, or obstructed as to cause a positive and direct invasion of the plaintiff's property adjoining the same on the south, as by collecting and throwing upon it, to the damage of said property, water or filth, which would not otherwise have flowed or found its way there, and thereby injured the said property, then they must find for the plaintiff. The objection made to that instruction is that the only allegation in the declaration stating in what respect the sewer was improperly constructed was "that said private sewer, in a distance of 105 feet, has only a fall of one and three-tenths feet, which is not sufficient to carry off the said water, filth," etc., and that there was no proof tending to show that the fall named was not sufficient, but, on the contrary, it appeared from the plaintiff's witness Riley (the only witness who testified on that point) that the fall named was sufficient.

There being no averment in the declaration showing in what respect the sewer had been improperly constructed, except that it did not have fall enough, and there being no evidence tending to sustain that averment, the objection made to the instruction upon that point should have been sustained.

The next assignment of error is that the declaration averred that the sewer was out of repair during all the time from the year 1886 to the institution of the suit, and that the nuisance

was a continuous one, while the evidence shows that after the year 1892 no damage was caused by any part of the sewer being out of repair, except that part which was in the street, and that the damage caused after that time was produced by separate and distinct causes, which were remedied and removed on each occasion.    The point raised by the assignment of error is that a party who alleges a continuous nuisance cannot recover, if the proof shows that it was only occasional, and not continuous. This assignment of error is not well taken.    We know of no good reason, nor of any rule of law, which would prevent a plaintiff from recovering for occasional nuisances under a declaration alleging a continuing nuisance, if the occasional nuisances were caused in the manner alleged in the declaration.

The next assignment of error is to the refusal of the court to instruct the jury that, if they believed that the water was thrown back upon the property of the plaintiff by reason of the sewer being out of repair after it left the line of the street curbing, they must find for the defendant.

It appears from sections 54 and 55 of chapter 38 of the city ordinances copied in the record, and from the evidence of the assistant city engineer, that the sewer in question, from the point it leaves the curbing to the point where it enters the city Main street sewer, was built at the expense of the landowner, and when it gets out of repair it is the duty of the owner of the property from which the sewer runs to repair the same at his own expense, after first getting permission to dig up the streets for that purpose.    It being the duty of the property owner to keep that portion of the sewer in repair at his own expense, and there being no evidence tending to show that the city, whose permission he was required to get before making the repairs, had refused to give such permission, we are of opinion that, notwithstanding the fact that the city may also be responsible for the nuisance, the landowner was liable, and that the court did not err in refusing to give the instruction.

The court instructed the jury that, "if they believed that the nuisance complained of was a continuous one until this suit was brought, the statute of limitations does not apply, and they may find damages for the time said nuisance continued, as claimed in the declaration."

This is assigned as error, and that it is so is clear. Ang. Lim. § 300, says that any continuance of that which was originally a nuisance the law considers a new nuisance, and therefore, though the party complaining cannot, in an action on the case, recover upon the original cause of action after the expiration of the statutory period, he may for its continuance any time within that period. Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427 ; Fell v. Bennett, 110 Pa. St. 181, 5 Atl. 17.

That the instruction of the court was erroneous does not seem to be seriously controverted by the plaintiff's counsel, but his contention is that, if it were erroneous, no injury could have resulted from it. That no prejudice did or could result from the instruction not only does not appear, but it is very probable, on the contrary, that it did prejudice the defendant ; for it allowed the jury to take into consideration a much longer period than they were entitled to consider, and by reason of which they may have given increased damages.

As the case will have to be remanded for a new trial, it is unnecessary to pass upon the question whether the verdict of the jury was contrary to the evidence.

The judgment must be reversed for the reasons given, the verdict set aside, and cause remanded for a new trial.    Reversed.

RIELY and CARDWELL, JJ., absent.