## Wptbeville

### VIRGINIA RAILWAY AND POWER CO. V. FEREBEE.

June 12, 1913.

Absent, Cardwell, J.

1. LIMITATION OF ACTIONS—*Burden of Proof.*—The burden is on the pleader of the statute of limitations to make out a case to which the statute clearly applies.

2. NUISANCE—*Continuous—Occasional—Pleading.*—Under a declaration alleging a continuous nuisance, the plaintiff may recover for occasional nuisances if the occasional nuisances were caused in the manner alleged in the declaration.

3. APPEAL AND ERROR—*Inconsistent Positions—Entire Damages—Successive Actions—Estoppel.*—Where the record shows that a case was conducted throughout in the lower court on the theory that only such damages could be recovered as had been suffered prior to the institution of the suit, and the evidence has been confined to such prior damages at the instance of the defendant, this is an admission of the right and necessity for future actions for subsequent injuries, and the defendant is estopped to deny in this court that the case belongs to that class where the plaintiff is entitled to maintain successive actions for the damage he may from time to time suffer. He cannot assume in this court a position inconsistent with that taken by him in the trial court.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Robert B. Tunstall* and *Henry W. Anderson,* for the plaintiff in error.

*Braxton & Eggleston, Thomas W. Shelton* and *Claude M. Bain,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

It appears that the Virginia Railway and Power Company maintains and operates a large electric plant erected by it in a residential part of the city of Norfolk, for the purpose of supplying electric power for its street railway and for general municipal lighting. The plaintiff, G. Benson Ferebee, alleges that he has been greatly damaged in the useful and comfortable enjoyment of his home by reason of the wrongful and negligent operation of this power plant by the defendant, and he brings this action to recover for such injuries.

The defendant company relied alone upon the plea of the statute of limitations and demurred to the evidence of the plaintiff. The lower court overruled the demurrer to the evidence and gave judgment in favor of the plaintiff for the damages ascertained by the jury. To that judgment this writ of error was awarded.

As stated in the petition, the sole question to be determined by this court is whether the plaintiff's cause of action accrued within five years next prior to the bringing of this suit, on the 22d day of April, 1912.

The burden was upon the defendant company to sustain its plea of the statute of limitations. As said in *Goodell* v. *Gibbons,* 91 Va. 608, 612, 22 S. E. 504, 505, "It behooves the pleader of the statute to make out a case to which it clearly applies."

It cannot be denied that if this case belongs to that class where repeated actions may be brought, the plaintiff would have a right to recover for the injury sustained for the five years next preceding the date of the action, and the statute of limitations would have no application.

The chief discussion has, therefore, been directed to the question, whether this case belongs to the class mentioned, or to that class where but one action can be brought, in which a recovery must be had for the entire damage suffered, both past and future, in which case the action will be barred unless brought within five years from the time the cause of action arose.

The record shows that this case was conducted throughout in the lower court upon the theory that only such damage could be recovered as had been suffered prior to the institution of the suit. This theory admits the right and necessity for future actions for injuries subsequently occurring.

It is contended by the defendant company that the declaration was drawn upon the theory that permanent damages might be recovered, and that it will not support a recovery for recurring damages. The language of the declaration, taken as a whole, does not justify this contention, but if the declaration alleged a continuous nuisance it would not prevent a recovery thereunder for an occasional nuisance.

In *Cohen* v. *Bellcnot*, 2 Va. Dec. 639, 32 S. E. 455, 457, this court says: "We know of no good reason nor of any rule of law which would prevent a plaintiff from recovering for occasional nuisances, under a declaration alleging a continuous nuisance, if the occasional nuisances were caused in the manner alleged in the declaration."

In the case at bar, whether the nuisance was continuous or occasional, it was caused in the manner alleged in the declaration. If this was a suit, as contended, to recover future as well as present damages, then the plaintiff was entitled to introduce evidence to show the permanent injuries he had sustained, and yet when evidence to that effect was offered by the plaintiff it was promptly objected to by counsel for defendant as inadmissible. This view

was acquiesced in by counsel for the plaintiff, and the evidence was confined to the damages suffered prior to the institution of the action. After the evidence was all in, the court instructed the jury, at the instance of the plaintiff, to which instruction there was no objection, that no damages could be assessed for the plaintiff "unless the same were suffered within five years prior to the institution of this suit." This instruction was in line with the defendant's objection to the introduction of any evidence of damage sustained after the suit was instituted and would have been wholly erroneous if the contention now made was sound, that the suit was for entire damages, past, present and future.

In *C. & O. Ry. Co.* v. *Rison,* 99 Va. 18, 31, 37 S. E. 320, 324, this court said: "A party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other and mutually contradictory."

In view of the theory of the case adopted by both parties in the lower court, and of the evidence adduced, viewed from the standpoint of a demurrer to the evidence, we are of opinion that the defendant company is estopped to deny, in this court, that the case belongs to that class where the plaintiff is entitled to maintain successive actions for the damage he may from time to time suffer. The evidence having been confined, at the instance of the defendant, to showing only the damage sustained by the plaintiff for the five years prior to his action, and the jury having been instructed, without objection, to confine their ascertainment of damage to that period, it would be an injustice to the plaintiff for this court now to hold that the action was for permanent injuries, and, therefore, that the plaintiff's recovery was for all damages, past, present and future, growing out of the defendant's wrongful and negligent operation of its electric power plant.

The plaintiff's recovery not being for permanent injuries, but limited only to such damage as he had sustained within five years prior to the institution of his suit, the statute of limitations did not bar his claim.

The evidence was amply sufficient to warrant the verdict of the jury, and the judgment complained of must, therefore, be affirmed.

*Affirmed.*