## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### E. W. FACE & SON V. CHERRY AND OTHERS.

January 12, 1915.

Absent, Keith, P.

1. NUISANCE—*Brick Kiln—Injury to Others—Private Nuisance.*— In a bill to enjoin an injury to the plaintiff's property by reason of smoke, soot, etc., emitted from an adjacent brick kiln, an allegation that the smoke, soot, etc., of which the plaintiff complains affects not only his property but "other property in the neighborhood" does not have the effect of converting what is essentially a private nuisance into a public nuisance.

2. EQUITY PRACTICE—*Ordering Issue Without Request—When Immaterial.*—The complaint that the court, of its own motion, directed an issue of fact to be tried by a jury is immaterial, where the jury failed to agree, and the court, at the instance of counsel on both sides, set aside the order for the issue and disposed of the controversy upon all the evidence in the case, including that taken *ore tenus* before the jury.

3. LACHES—*Continuing Nuisance—Cumulative Effects.*—The conditions creating the nuisance complained of in the case in judgment cover a period beginning seventeen years ago and continuing to the present time, and have been gradual and cumulative in their character, and the evidence makes out a case of continuing nuisance to which the doctrine of laches does not apply.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Thomas W. Shelton,* for the appellants.

*Riddleberger & Roper,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

Appellees who own and occupy with their family a residence on River avenue, in the city of Norfolk, filed their bill against appellants, praying for a permanent injunction to restrain the defendants from operating their brick manufacturing plant, located on the same square, on the ground that it constituted a nuisance injuriously affecting their property and health and the enjoyment of their home.

At the final hearing the court decreed that the smoke and soot emitted by defendants' kilns was a nuisance to the plaintiffs, and perpetually enjoined them from the burning of any of their kilns in such a way as to cause dense smoke or dense soot to fall upon the property of the plaintiffs; and, moreover, perpetually enjoined the defendants from operating their new kiln, immediately adjoining the plaintiffs' lot, with any other than smokeless fuel. From that decree this appeal was granted.

1. The first assignment of error is to the action of the court in overruling the demurrer to the bill.

This assignment proceeds upon the theory that the bill seeks relief against a public nuisance and not a private nuisance, because of the allegation that the smoke, soot, etc., of which complaint is made affects plaintiffs' dwelling and "other property in the neighborhood." Plainly, the superadded language does not have the effect of converting what is essentially a private nuisance into a public nuisance.

In High on Injunctions, the author in treating the subject says: "The most frequent instance of nuisances of a strictly private nature occurs in the erection of structures obnoxious or hurtful to buildings used for residence and business purposes. The law may be regarded as settled that when a business, although lawful in itself, becomes obnoxious to neighboring dwellings and renders their enjoyment uncomfortable, whether by smoke, cinders, noise,

offensive odors, noxious gases, or otherwise, the carrying on of such business is a nuisance which equity will restrain * * * And the fact that the nuisance is not perpetual, but will only recur occasionally, and then but for a short period, will not avail the defendant if it be an unmistakable nuisance." 1 High on Injunctions (4th ed.), sec. 772.

In illustrating the general rule, the author at section 773 observes: "When loss of health, destruction of business and irreparable injury to property will result from the obnoxious erections, equity will not hesitate to interfere. Thus, the burning of brick so near a dwelling as to expose the premises to danger from fire and to imperil the health of the inmates * * * if so near a residence as to imperil the comfort or health of its inmates, will be enjoined. And mere smoke or disagreeable odors, although not noxious, may be sufficient ground for the interference of equity."

Again, at sec. 777, it is said: "It is also held that the burning of brick by the use of anthracite coal, by means of which noxious gases are generated adjacent to plaintiffs' residence, resulting in the destruction of plaintiffs' trees and shrubbery, constitutes such a nuisance as to call for relief by injunction. And a defendant may be enjoined from permitting soot to issue from a smoke stack upon his premises in a city, to the annoyance of the plaintiff and his family."

The foregoing statement of the law sufficiently shows that the nuisance in question is a private nuisance and not a public nuisance, and that the demurrer to the bill was without merit and rightly overruled.

2. Complaint is made that the trial court, of its own motion, directed an issue to be tried by a jury to determine the fact whether the defendants' brick kilns threw out smoke and soot, and whether the new kiln threw out smoke and soot and heat in such quantities as to constitute a

nuisance to plaintiffs in the ways and manner alleged in the bill.

This assignment is immaterial in view of the fact that the jury failed to agree upon a verdict, and that the court, at the request of counsel on both sides, set aside the order for an issue and disposed of the controversy upon all the evidence in the case, including that taken *ore tenus* before the jury.

3. The next contention is that appellees have lived adjacent to appellants' kilns for eighteen years without protest, and, therefore, should be denied relief on the ground of laches.

We do not think the evidence altogether sustains this contention; but if it did, the construction of this plant, consisting as it does of five separate kilns, was admittedly a gradual process, covering the period from the spring of 1897, hitherto. The first four kilns were not completed until about seven years ago, and the fifth and last kiln, which is the nearest in point of distance and which constitutes the most serious menace to appellees' dwelling, was not commenced until after the institution of this suit. Indeed, the consideration of the questions arising in relation to that structure were brought within the cognizance of the trial court in the present case only by consent of parties. The first kiln was built on the water front farthest removed from appellees' residence, and the remaining structures, successively erected, approached nearer and nearer until the last, which is located 22.5 feet from the back line of appellees' lot, and 81.5 feet from the dwelling. And the tops of the kilns are on a lower level than the second story windows of plaintiffs' residence.

We do not deem it necessary to review the testimony in detail. It is sufficient to say that the evidence sustains the allegations of the bill, that the soot and smoke thrown

out by appellants' kilns constitute such a nuisance as entitles appellees to injunctive relief.

Nor do we think that appellees' right to relief is barred by laches. The conditions creating the nuisance cover the period from the spring 1897 to the present time, and have been gradual and cumulative in their character. In fact, the evidence makes out a case of continuing nuisance, to which the doctrine of laches does not apply.

The right to redress against nuisances of the class involved in this case is fully recognized by the decisions of this court. *Townsend* v. *Norfolk Ry. & L. Co.,* 105 Va. 22, 52 S. E. 970, 4 L. R. A. (N. S.) 87, 115 Am. St. Rep. 842, 8 Ann. Cas. 558; *Terrell* v. *C. & O. Ry. Co.,* 110 Va. 340, 66 S. E. 55, 32 L. R. A. (N. S.) 371; *Southern Ry. Co.* v. *McMenamin,* 113 Va. 121, 73 S. E. 980; *Virginia Ry. & P. Co.* v. *Ferebee,* 115 Va. 289, 78 S. E. 556. See, also, *B. & P. R. Co.* v. *Fifth Baptist Church,* 108 U. S. 517, 2 Sup. Ct. 719, 27 L. Ed. 739; *Campbell* v. *Seaman,* 63 N. Y. 568, 20 Am. St. Rep. 567.

It follows from what has been said that there is no error in the decree of the lower court, and it must be affirmed.

This conclusion having been reached, it is unnecessary to notice subordinate assignments to which our attention has been called, since their decision could in no way affect the result.

*Affirmed.*