Opinion.

## Richmond.

MAGARITY v. SHIPMAN AND OTHERS.

APRIL 9, 1896.

Absent, Keith, P.*

1. STATUTE OF LIMITATIONS—*New Promise—Account Stated.*—An account stated, which is not supported by a writing signed by the debtor or his agent, will not prevent the running of the statute of limitations against previously existing items of indebtedness included therein.

Appeal from a decree of the Circuit Court of Fairfax county, pronounced November 16, 1893, in a suit in chancery brought by the appellant against the appellees to set aside a deed alleged to have been made without consideration, and subject certain land thereby conveyed to the payment of appellant's debt.

*Affirmed.*

The opinion states the case.

*John Critcher,* for the appellant.

*R. W. Moore,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The only question in this case which it is necessary to decide is whether the account sued on is barred by the statute of limitations.

The record discloses the fact that there had been a statement of accounts between the parties in December, 1891,

---

*Judge Keith decided the case in the Circuit Court.

and a balance of $504.20 ascertained to be due the appellant
as of that date.   There is no doubt, as contended by appel-
lant's counsel, that an "account stated" is an acknowledg-
ment of the then condition of liability between the parties,
from which the law implies a promise to pay the balance
thus ascertained and acknowledged to be due, and that it
thereby becomes a new and independent cause of action, to
the extent that a recovery may be had upon it without setting
out or proving the separate items of liability from which the
balance results.   But is it such an acknowledgment as will
stop the statute of limitations from continuing to run upon
the original items of account, under section 2922 of the
Code, which provides that if any person against whom a
right of action to recover money, which is founded upon
an award or any contract other than a judgment or recog-
nizance, shall have accrued, "shall, by writing signed by
him or his agent, promise payment of money on such award
or contract, the person to whom the right shall have so
accrued may maintain an action for the money so promised,
within such number of years after such promise, as it might
be maintained under section 2920, if such promise were the
original cause of action.   *   *   *   An acknowledgment in
writing as aforesaid, from which a promise of payment may
be implied, shall be deemed to be such a promise within
the meaning of this section."

We are satisfied that it was intended, by the statute quoted,
and that it should be so construed, that no statement of
account can have the effect of stopping the running of the
statute of limitations upon the items of account which
are included in the account stated, and which would other-
wise be barred, unless there be a writing, signed by the
party to be charged, or his agent, expressly promising to
pay the balance thus ascertained to be due, or in which
there is such an acknowledgment of the liability that a
promise of payment may be inferred therefrom.   If a ver-

bal agreement, express or implied, be relied on, it can only avail when it is made upon such consideration and under such circumstances as to amount to a new contract.

It is true that it has been held, in England, under the statute of 9 Geo. IV., that a statement of mutual accounts was sufficient to take a case out of the statute of limitations; but the English statute differs from ours in this, that by it *part payment* was a sufficient acknowledgment of the debt to deprive the debtor of the benefit of the statute, and the courts treated the deduction of the debtor's account from the creditor's in their statement of mutual accounts, and the striking of a balance, as converting the debtor's account, which was theretofore a *set off*, into a *payment* on the debt sued on, thus bringing an account stated within the provisions of the statute. But as our statute contains no such provisions, those cases and their reasoning are of no aid in construing it. Revisors' Report of Code of 1849, p. 743, 744; 1 Rob. Prac. (New) 544, 545.

But in those states whose statutes are similiar to ours, and which contain no such provision as to part payment as is contained in the English statute referred to, the courts hold that a stated account does not affect the running of the statute.

In the case of *Chace* v. *Trafford*, 116 Mass. 529, under a statute similar to ours, it was held that an account stated, which is not supported by evidence of some writing signed by the party to be charged, will not prevent the running of the statute of limitations against the previously existing liabilities included therein.

To the same effect was the decision of the Supreme Court of Michigan, in the case of *Sperry* v. *Moore's Estate*, 42 Mich. 353. See, also, 1 Rob. Prac. (New) 544, 545; 2 Wood, Lim. §280, and Ang. Lim. §275.

At the time the account was stated which is sued on, every item in the original account of the appellant was barred by

the statute of limitations except one, and all were barred when the suit was brought.

The Circuit Court, we think, properly sustained the defence of the statute of limitations, and dismissed the bill, and its decree must be affirmed.

*Affirmed.*