## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### HENRY H. ELLISON, WILLIAM R. ELLISON AND H. HOWARD ELLISON, PARTNERS, TRADING AS JOHN B. ELLISON AND SONS, v. A. WEINTROB.

June 12, 1924.

1. LIMITATION OF ACTIONS—*Accounts between Merchants—Account Stated— Period of Limitation.*—Section 5810 of the Code of 1919, prescribes a limitation upon actions on contracts of three years, unless it be an action upon accounts concerning the trade of merchandise between merchant and merchant.

   *Held:* That the exception as to accounts between merchant and merchant applies only to current or open accounts and not to accounts stated.

2. ACCOUNTS AND ACCOUNTING—*Distinction between Closed Account and Account Stated.*—A closed account may remain open for adjustment and set off, but this is not true of an account stated. That presupposes the rendering of an account by the creditor with an ascertained balance, which is expressly or impliedly assented to by the debtor, and this it has been said creates a debt which is essentially the same as if a promissory note for such balance had been executed.

3. LIMITATION OF ACTIONS—*Accounts between Merchants—Account Stated— Period of Limitation—Case at Bar.*—In the instant case the evidence showed that the account sued on became a settled account in December, 1916, and that the definite balance then shown to be due was accepted as final between the parties, because that precise debt, so ascertained, was proved by the plaintiffs against the defendant in bankruptcy proceedings, and a dividend paid thereon out of the assets of the defendant distributed by the bankrupt court. But defendant did not obtain his discharge in bankruptcy.

   *Held:* That under section 5810 of the Code of 1919 plaintiffs' claim was barred within three years from the time the account became settled.

4. LIMITATION OF ACTIONS—*Accounts between Merchants—Account Stated— Period of Limitation—Code of 1919, Section 5810.*—Formerly the statute of limitations as to accounts between merchants read as follows: "Unless it be * * upon accounts concerning the trade of merchandise between merchant and merchant, their factors or servants, *where an action of account would lie,* in either of which cases the action may be brought until the expiration of five years from the cessation

of the dealings in which they are interested together, but not after."
In section 5810, Code of 1919, the words italicized were omitted.
*Held:* That this change did not affect the rule that the exception
does not apply where there is an account stated.

5. LIMITATION OF ACTIONS—*Accounts between Merchants—Single Trans-
action.*—The five year limitation prescribed for accounts between
merchants by section 5810 of the Code of 1919 is not applicable where
there was never a mutual or current account, never any barter or
exchange of goods between merchants, but only a single transaction
with the debits all on one side.

Error to a judgment of the Circuit Court of the city
of Newport News, in a proceeding by motion for a
judgment for money. Judgment for defendant. Plain-
tiffs assign error.

*Affirmed.*

The opinion states the case.

*Nelms, Colonna & McMurran,* for the plaintiffs in
error.

*Louis Spigel* and *J. Winston Read,* for the defendant
in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiffs, who were wholesale merchants in
Philadelphia, sold merchandise in 1916 to the defend-
ant, who was then a retail merchant in Durham, N. C.
After the goods had been delivered certain portions of
them were returned and properly credited in accordance
with the agreement of the parties. December 1, 1916,
the defendant filed his petition in bankruptcy in the
United States District Court for the Eastern District
of North Carolina, but did not obtain his discharge in
bankruptcy. The claim was proved in the bankruptcy
proceedings and the plaintiffs received a dividend

thereon of $136.44. The account became due prior to December 1, 1916, and the balance claimed was then definite and certain. Prior thereto, statements covering this demand were regularly sent by the plaintiffs to the defendant, were duly received, were correct and were never disputed.

Notice of this motion for judgment was docketed November 12, 1921, which was more than three years, but less than five years, from the date the cause of action arose. The single question here involved is whether or not the plaintiffs' claim is barred by Code, section 5810; which prescribes a limitation of three years, "unless it be an action by one partner against his copartner for a settlement of the partnership account, or upon accounts concerning the trade of merchandise between merchant and merchant, their factors, or servants, in either of which cases the action may be brought until the expiration of five years from the cessation of the dealings in which they are interested together, but not after." This statute is substantially like its prototype, 21 Jac. I, ch. 16, sec. 3, enacted in 1624. Much litigation, both in England and this country, has grown out of this clause of the act, and the cases are far from harmonious.

[1] In our view of this case, it is unnecessary to refer to this conflict of authority further, because the plaintiffs here have proved an account stated, and there appears to be an unbroken line of authority which supports the judgment of the trial court, that the true limitation is that applicable to a stated account which here is three years instead of five, and hence this action is barred.

A leading English case is *Webber* v. *Tivill*, 2 Wms. Saunders 124, and note, in which it is held that the statute relating to accounts between merchants only refers to current accounts and not to accounts stated.

*Ramchander* v. *Hammond*, 2 Johns. (N. Y.) 202, con-
strued the New York statute, which is substantially
like the present Virginia statute, using this language:
"Our statute of limitations excepts 'actions which con-
cern the trade of merchandise between merchants.'
These words are not so broad as to warrant a departure
from the adjudications which have been made on the
English act. These words, like those of the statute of
James, must be confined to actions on open or current
accounts; they do not extend to accounts stated. It
must be a direct concern of trade; liquidated demands,
or bills and notes, which are only traced up to the trade
of merchandise, are too remote · to come within this
description."

That great master, Chancellor Kent, in *Coster* v.
*Murray*, 5 Johns. Ch. 527, cites *Webber* v. *Tivill*, *supra*,
on this point and without criticism.

This New York case was reviewed, *Murray* v. *Coster*,
20 Johns. 582, 11 Am. Dec. 333, and the case of *Ram-
chander* v. *Hammond*, *supra*, is there cited and ap-
proved, and construing the corresponding New York
statute, it is said, that "in a case concerning the trade
of merchandise between merchant and merchant (it)
must be confined to actions on open or current accounts,
and that the exception did not extend to accounts
stated."

[2] So also in Massachusetts, in *Bass* v. *Bass*, 8 Pick.
(25 Mass.) 193, it is conceded that according to all the
authorities an account stated ceases to be a merchan-
dise account, so far as respects the exception in the
statute. In this case a distinction is drawn between a
closed account and an account stated, and it is in sub-
stance said that a closed account may remain open for
adjustment and set off, but this is not true of an ac-
count stated. That presupposes the rendering of an
account by the creditor with an ascertained balance,

which is expressly or impliedly assented to by the debtor, and this it has been said creates a debt which is essentially the same as if a promissory note for such balance had been executed.

In *Belchertown* v. *Bridgman*, 118 Mass. 487, it is said: "An 'account stated' has always been held to bring a merchant's account, as well as a 'mutual and open account current,' within the operation of the statute of limitations; or rather to take it out of the exception; * * ."

In *Roots* v. *Salt Co.*, 27 W. Va. 484, it is held that where the dealings between merchant and merchant have ceased and the accounts between them have been so adjusted that the party in whose favor the balance appears might bring an action at law thereon, then from the time of such adjustment the statute of limitations will commence to run as against such balance; and that the accounts between merchant and merchant which are excepted from the operation of the statute, must be a direct concern of trade. Liquidated demands which are only traced up to the trade of merchandise are too remote to come within the description, and they are not excepted from the bar of the statute.

Three cases from the Supreme Court of the United States confirm this construction.

The great Chief Justice, in *Mandeville* v. *Wilson*, 5 Cranch 18, 3 L. Ed. 24, said this: "That the exception in the statute applied to actions of assumpsit, as well as to actions of account. That it extended to all accounts current which concern the trade of merchandise between merchant and merchant. That an account closed by the cessation of dealings between the parties is not an account stated, and that it is not necessary that any of the items should come within the five years." This case is relied upon by the plaintiffs in the instant case, but it is perfectly clear from a later

decision of Chief Justice Marshall that it is not incon-
sistent with the other cases cited, for in *Spring* v. *Gray*,
6 Pet. 167, 8 L. Ed. 358, he says this: "In *Mandeville*
v. *Wilson*, 5 Cranch 15, this court said that the excep-
tion extended to all accounts current, which concern
the trade of merchandise between merchant and mer-
chant. The only addition made in this part of the
opinion to the words used in the statute is the intro-
duction of the word 'current.' The statute saves 'ac-
counts current.' The opinion proceeds to say that an
account closed by the cessation of dealing between the
parties is not an account stated, and that it is not neces-
sary that any of the items should be within five years.
This decision maintains the distinction between ac-
counts current and accounts stated." The opinion then
cites some of the cases hereinbefore referred to and fully
recognizes the view that an account stated between
merchants does not come within the exception, and
among other things says: "On a commercial question,
especially on a question deeply interesting to merchants
only, the settled law of New York is entitled to great
respect elsewhere."

The rule is also approved in a later case of *Toland* v.
*Sprague*, 12 Pet. 333, 9 L. Ed. 106, in this language:
"This construction, so well settled on authority, grows
out of the very purpose for which the exception was
enacted. That purpose was to prevent the injustice
and injury which would result to merchants having
trade with each other, or dealing with factors, and
living at a distance, if the act of limitations were to
run, where their accounts were open and unsettled;
where, therefore, the balance was unascertained, and
where, too, the state of the accounts might be con-
stantly fluctuating, by continuing dealings between the
parties. But when the account is stated between the
parties, or when anything shall have been done by

them which, by their implied admission, is equivalent to a settlement, it has then become an ascertained debt. In the language of the Court of Appeals of Virginia (4 Leigh 249), 'all intricacy of account, or doubt as to which side the balance may fall, is at an end;' and thus the case is neither within the letter nor the spirit of the exception. In short, when there is a settled account, that becomes the cause of action, and not the original account; although it grew out of an account between merchant and merchant, their factors or servants."

Tucker, P., in *Watson* v. *Lyle's Adm'r*, 4 Leigh (31 Va.) 236, 249, in a case in which this statute was pleaded, thus defined a stated account: "An account stated is where the accounts between the parties have been either actually settled, or are presumed to be so from the circumstance of a party's retaining, for a long time, without objection, the account of the other party, which has been presented to him, showing a balance against him. By the settlement (or implied admission which is considered equivalent), it has become an ascertained debt. All intricacy of account, or doubt as to which side the balance may fall, is at an end; and thus the case is neither within the letter nor the spirit of the exception."

These and other pertinent authorities supporting this construction are found in 14 A. L. R. 245, note.

Two cases from Kentucky, *Dyott* v. *Letcher*, 6 J. J. Marsh. (29 Ky.) 544, and *Hearn's Adm'r* v. *Van Ingen*, 70 Ky. (7 Bush.) 426, are cited for the plaintiffs. The first recognizes this account stated doctrine, and the second is not inconsistent with it.

[3] This is the rule, then, which must be applied to this case. The evidence clearly shows that the account sued on became a settled account in December, 1916, and that the definite balance then shown to be due was accepted as final by the parties, because that pre-

cise debt, so ascertained, was proved by the plaintiffs against the defendant in the bankruptcy proceedings, and a dividend paid thereon out of the assets of the defendant distributed by the bankrupt court.

[4] The burden of the argument for the plaintiffs is based upon the fact that in the 1919 revisal of the Code, a clause of the statute was eliminated. The former section of the statute (Code 1887, § 2920) read thus: "Unless it be  *  *  upon accounts concerning the trade of merchandise between merchant and merchant, their factors or servants, *where an action of account would lie*, in either of which cases the action may be brought until the expiration of five years from the cessation of the dealings in which they are interested together, but not after." The words omitted are the words which are italicized—that is, "where an action of account would lie." The revisors give no reason for this omission, but we think it may be fairly inferred that they were omitted because it has long been conceded that the statute might be pleaded in any form of action, and because the action of account has become obsolete with us. Even if the action of account could ever have been used for the settlement of counter claims between ordinary debtors and creditors occupying no confidential relation to each other, a suit in equity for accounting is preferable. This phrase which has been eliminated never appeared in the English statute, and so far as we know was peculiar to the Virginia statute. The rule that the exception does not apply where there is an account stated is not affected by the change, and that this is the construction of statutes which are substantially similar to the present Virginia statute, has been demonstrated.

[5] In *Radford* v. *Fowlkes*, 85 Va. 852, 8 S. E. 817, it was held that where there is an account stated this constitutes a new promise, new cause of action, and

fixes the time from which the statute begins to run, while in *Magarity* v. *Shipman*, 95 Va. 64, 24 S. E. 466, it is held that a mere stated account which is not supported by writing signed by the debtor or his agent, does not prevent the continuous running of the statute against the previously existing items of indebtedness included therein. This conflict is immaterial here. The five year limitation was never applicable because there never were any mutual or current accounts, never any barter or exchange of goods between merchants, but only a single transaction with the debits all on one side.

That this view has long prevailed in Virginia is shown by *Wortham* v. *Smith*, 15 Gratt. (56 Va.) 494, where Daniel, J., says: "For it is now well established by the English as well as the American decisions, that the saving in the act, 21 James 1, chapter 16, applies only to cases where the accounts are between merchant and merchant, relate actually to merchandise and not merely to mercantile contracts connected with it, and are current and mutual; in which last designation is not included cases where the demand is altogether on one side, though payments on account have been made."

Our conclusion, then, is that the statute is well pleaded, and that there is no error in the judgment.

*Affirmed.*