# Richmond

COLUMBIA HEIGHTS SECTION 3, INCORPORATED v. GRIFFITH-CONSUMERS COMPANY.

March 9, 1964.

Record No. 5683.

Present, All the Justices.

*Mark P. Friedlander* (*Harry P. Friedlander; Friedlander & Friedlander*, on brief), for the plaintiff in error.

*Albert H. Grenadier* (*Bendheim, Fagelson, Bragg & Giammittorio*, on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

On March 8, 1962, Griffith-Consumers Company, hereinafter called plaintiff, filed a motion for judgment against Columbia Heights Section 3, Incorporated, hereinafter called defendant. Plaintiff sought a judgment for $4,981.64, with interest thereon from March 18, 1959, for goods sold and delivered and services rendered on open account. In its grounds of defense, defendant pleaded the statute of limitations, asserting that the services rendered by plaintiff terminated in February, 1959, more than three years prior to the institution of this action. The defendant further alleged that it had paid all sums due and owing plaintiff; that plaintiff caused it to purchase and consume an excess amount of fuel oil due to misrepresentation of facts and negligence in servicing defendant's heating equipment, and that the sum in controversy, $4,981.64, represented 25% excess consumption of fuel oil caused by plaintiff's negligence. The trial court heard the evidence *ore tenus* and rendered judgment for the amount claimed. Defendant is here on appeal from that judgment.

The record before us does not contain a transcript of the evidence adduced. It merely contains a "Statement of Proceedings and Evidence of the Trial", prepared by the trial court, and certain exhibits. The statement is brief and it reads as follows:

"The plaintiff, Griffith-Consumers Company, a Delaware Corporation, by an oral agreement, agreed to furnish fuel oil to, and to service, heating plants of defendant, Columbia Heights Section 3, Incorporated.

"Plaintiff undertook performance and delivered fuel oil and undertook to service said plants. For its deliveries and service, it sent to defendant between the 7th and 10th of each month, a statement showing balance for the preceding month, the preceding month's charges, credits and the existing balance.

"The defendant made several complaints to plaintiff about consumption of oil, and plaintiff checked the same.

"Plaintiff's testimony was that upon these checks it set the controls only to find upon return that defendant's agent had changed its adjustments.

"Defendant claims that the equipment was improperly adjusted by plaintiff and that consumption was 25% excessive. It denied its agents changed plaintiff's settings.

"On January 29, 1959, plaintiff checked the controls of defendant's

heating plant and replaced a relay, and plaintiff put on its ticket: 'Send out R161A Relay when in stock. Signed Shearer'.

"Defendant's testimony was that in the beginning of February, 1959, before the relay had been replaced, the defendant terminated its business relationship with the plaintiff and plaintiff submitted its bill payable February 28, 1959.

"Plaintiff denied ever being notified of such a cancellation.

"Testimony showed delivery of oil through February 5, 1959.

"On March 18, 1959, plaintiff delivered, wrapped, a new relay to replace the relay taken out of the defendant's reserve equipment stored on the site and this package was receipted for by the resident manager in the building.

"A dispute arose as to the February bill and payment was made by defendant of $3,528.80 to the plaintiff with the express understanding that the defendant did not waive any of its rights in thus paying the admitted portion of the bill.

"Defendant informed plaintiff it would not pay the remainder; but offered to accept service of process and to defend any suit for the remaining balance of $4,981.64 in either the District of Columbia or Arlington County, Virginia.

"At no time from the beginning of the business relationship to the filing of the motion for judgment did plaintiff ever charge interest on any portion of the account.

"The defendant asserted that the statute of limitation began to run at the date the February bill became due, to-wit: February 28, 1959. The plaintiff claimed the statute of limitation began to run at the date the relay was delivered, to-wit: March 18, 1959.

"Plaintiff filed suit on March 8, 1962 and it was heard November 2, 1962.

"THE COURT, after hearing the evidence, found that the evidence did not show that negligence of the plaintiff caused loss to the defendant.

"THE COURT further found that defendant's contention of termination of contract in early February was not proven.

"THE COURT also ruled that the statute of limitation began to run March 18, 1959, the date of the delivery of the relay and not as the defendant contended.

"THE COURT entered a judgment for the plaintiff for $4,981.64 (to which defendant noted exception).

"THE COURT rendered judgment for interest from June 18, 1961 [1959] (to which defendant excepted)."

The exhibits consisted of a copy of the statement of account for the various deliveries of fuel oil, parts and services rendered in connection with the heating plants and also certain correspondence in connection therewith. The statement of account showed that continuous deliveries were made and various services rendered, and that from time to time defendant made payments on the account. The payments were always in round figures, usually $1,000, and bore no relation to the amount of charges or the existing balance appearing on the statement. At no time during their dealings was the account paid in full and there was always a substantial unpaid balance. The account showed that the final delivery of oil was made on February 5, 1959. A statement dated February 28, 1959, was sent defendant showing a balance due of $8,470.64, which provided: "Terms-Payable on receipt· of statement". On March 18, 1959, a "relay" was delivered for which the sum of $39.80 was charged. Thereafter, another statement, dated March 31, 1959, was rendered showing this charge and a total of $8,510.44 due on account. This statement also provided "Terms-Payable on receipt of statement". There were no charges made thereafter. The correspondence showed that $3,528.80, the undisputed portion of the account, was paid on June 18, 1959.

The defendant has made two assignments of error. They are: (1) "The Court erred in entering judgment in the principal sum of $4,981.64 when the claim; as a matter of law, except for $39.80, was barred by the statute of limitations", and (2) "The Court erred in entering judgment allowing the Plaintiff legal interest on the principal sum from June 18, 1959, when the delay in filing suit was entirely the Plaintiffs." The assignments will be discussed in the order mentioned.

The statute involved is § 8-13, Code 1950, and the pertinent part reads:

"Every action to recover money which is founded * * * on any contract * * * shall be brought within the following number of years next after the right to bring the same shall have first accrued, that is to say:

*     *     *     *     *     *     *

"If it be upon any other contract express or implied within three years, * * *."

In the court below defendant claimed that the statute of limitations began to run on February 28, 1959. This was the "billing date" of the February bill. The plaintiff contended that the statute did not

commence to run until March 18, 1959, the date on which the "relay" was delivered.

It is well settled in our jurisdiction that the statute of limitations begins to run from the time the account is due. The due date depends upon the terms, express or implied, upon which the articles are sold. Burks *Pleading and Practice*, 4th ed. Limitation of Actions, § 233(11), p. 399.

Here, the trial court found as a fact that defendant had not terminated the contract for fuel oil, parts and services in the early part of February, 1959, as it contended. There is no evidence before us to show that such finding was erroneous. The court also held that the statute did not commence to run on the account until March 18, 1959. If that be correct, then the action, which was brought on March 8, 1962, was not barred by the statute.

The record does not show that the parties treated the items charged as severable. It does show that defendant was billed each month for all purchases and services rendered during the preceding month together with the existing balance. All payments were made in round figures which bore no relation to the individual items or the existing balance. There was always a substantial balance. The course of dealings between the parties tends to show that it was not intended that final payment should become due until the contract had terminated. Defendant's actions show that it considered the agreement to be entire and not severable. In arriving at the figure of $4,981.64, which defendant claimed was due it as a credit, defendant added all of the charges for fuel oil made by plaintiff from October, 1957, through February, 1959, and then deducted from the total sum 25% for the alleged excessive oil consumption.

There is no evidence before us to support defendant's contention that the February bill became due on February 28, 1959. According to the statements submitted, payment was due "on receipt" thereof and not on the "billing date" appearing thereon. The evidence showed that statements were sent by plaintiff to defendant between the 7th and 10th of each month. But the record is devoid of any evidence establishing the exact date the February statement was received by defendant. It is probable that it was received on March 9, 1959, or thereafter. In that event the action was brought within the period of three years and not barred by the statute.

Where the statute of limitations is pleaded as a defense, the party relying thereon has the burden of showing by a preponderance of

the evidence that the cause of action arose more than the statutory period before the action was instituted. *Goodell* v. *Gibbons*, 91 Va. 608, 611-12, 22 S. E. 504; *Virginia Ry. & P. Co.* v. *Ferebee*, 115 Va. 289, 290, 78 S. E. 556; *Va. L. Etc. Co.* v. *O. D. McHenry L. Co.*, 122 Va. 111, 122, 94 S. E. 173; *Southern Ry. Co.* v. *Watts*, 134 Va. 503, 510, 114 S. E. 736; 12 M. J., Limitation of Actions, § 76, p. 260.

On the meager record before us, we cannot hold, as a matter of law, that the amount sued for was barred by the statute of limitations.

■ Finally, defendant contends that the court erred in awarding interest on the principal sum from June 18, 1959. We find this contention to be without merit.

Section 8-223 provides:

"In any action whether on contract or for tort, the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which the interest shall commence. If a verdict be rendered which does not allow interest, the sum thereby found shall bear interest from its date, and judgment shall be entered accordingly. In any suit in equity, or in an action or motion founded on contract, when no jury is inpaneled, decree or judgment may be rendered for interest on the principal sum recovered, until such decree or judgment be paid; and when there is a jury, which allows interest, the judgment shall, in like manner, be for such interest until payment."

In *Parsons* v. *Parsons*, 167 Va. 374, 382, 189 S. E. 448, we said:

"In Virginia interest is allowable on all contracts and assurances made directly, or indirectly for the loan, or forebearance of money, or other thing. And it has been repeatedly held by the courts that the obligation to pay interest, when not expressly waived, is implied and begins when the debt is due and payable." See also *Beale* v. *Moore*, 183 Va. 519, 523, 32 S. E. 2d 696.

We have held that the allowance of interest is in the sound discretion of the trial court. *Wolford* v. *Williams*, 195 Va. 489, 499, 78 S. E. 2d 660; *Safway Steel Scaffolds* v. *Coulter*, 198 Va. 469, 479, 94 S. E. 2d 541.

Here, the trial court awarded interest on the principal sum of $4,981.64 from June 18, 1959. That was the day the last payment ($3,528.80) was made on the account. The balance in dispute was not unliquidated in the sense of being conjectural or speculative. The defendant did not claim that the amount of the charges was incorrect. Defendant merely claimed that none of the balance was due and

owing, because it was entitled to a credit for the exact amount of the balance sued for. The trial court found that defendant's claim was without merit and refused to allow it. Under the circumstances of this case the trial court did not abuse its discretion in allowing the recovery of interest on the principal amount found due.

For the reasons stated, the judgment appealed from is

*Affirmed.*