## CIRCUIT COURT OF FAIRFAX COUNTY

R. E. Lee & Sons, Inc.

v.

Davis & Carter, P.C., et al.

March 1, 1990

Case No. (Law) 86174

By JUDGE QUINLAN H. HANCOCK

This matter is before the Court for a determination of whether the plaintiff's cause of action for breach of an architectural design contract is barred by the statute of limitations.

Both sides are correct in stating that *Virginia Military Institute v. King*, 217 Va. 751, 232 S.E.2d 895 (1977), is the controlling law.

A cause of action for breach of an architectural design contract accrues when the plans are finally "approved." *Id.* at 759. Approval is the time at which the architects have the right to demand and receive payment for their services. *Id.* This rule flows from the general principle followed by the Supreme Court that a cause of action accrues at the time the injury actually occurs and not at the time the injury is discovered. *Id.* at 760. Implicit in the *King* decision is the principle that the plans must contain a design flaw when approved. The design flaw in the drawings is the initial injury which gives rise to a right of action.

The party relying on the statute of limitations has the burden of showing by a preponderance of the evidence that the cause of action arose more than the statutory

period before the action was instituted. *Columbia Heights, Section 3, Inc. v. Griffith Consumers Co.*, 205 Va. 43, 135 S.E.2d 116 (1964).

The original Motion for Judgment was filed on August 5, 1988. Both parties agree that the three year limitations period for actions on unwritten contracts is applicable. In this case, the defendants must prove that the plans were approved by the owner and that they had the right to receive payment for them on or before August 5, 1985. They must also prove that the plaintiff's cause of action flows from design flaws in plans approved prior to August 5, 1985, and not flaws contained in any subsequent revisions.

The argument does not support the conclusion that the plans were "approved" prior to August 5, 1985. There is no evidence that the defendant had the right to demand and receive payment prior to that date. While it is uncontested that the owner sent out bids on the plans on June 21, 1985, this does not necessarily mean that the right to payment, and hence a cause of action, arose at that time. It is possible that this was a continuing contract in which the designer had the right to revise the plans and the owner had the right to withhold payments until all revisions were made and approved.

Even assuming there is adequate evidence that the owner "approved" the original drawings prior to August 5, 1985, the defense fails because it has not been proven that the injury occurred prior to August 5, 1985. No evidence as offered to show that the physical problems which arose were due to design flaws in the originally submitted plans. Absent this proof, there is no basis for deciding that the injury occurred outside the limitations period. It is possible that the original plans were unflawed and that the design flaws at issue appeared in the revisions.

The defendant failed to establish that the date the cause of action accrued was outside the limitation period and the Plea in Bar should be denied at this time.