## CIRCUIT COURT OF THE CITY OF RICHMOND

Lorraine M. Koury,
Administratrix of the
Estate of Leo Joseph Koury

v.

Lorraine K. Rossie

April 29, 1994

Case No. HC-203–4

BY JUDGE RANDALL G. JOHNSON

This matter came before the court on April 12, 1994, for hearing on defendant's demurrer and plea of the statute of limitations to plaintiff's second amended bill of complaint. The court has heard arguments of the parties, and the matter is now ripe for decision.

Plaintiff, Lorraine M. Koury, administratrix of Leo J. Koury's (Koury) estate, asserts that defendant, Lorraine K. Rossie, breached fiduciary duties owed to Koury by failing to account for proceeds defendant received and held on Koury's behalf, and converting and embezzling Koury's assets while acting as Koury's attorney-in-fact. Plaintiff seeks an accounting and the imposition of a constructive trust or in the alternative compensatory damages.

The alleged facts, taken as true for purposes of this demurrer, reveal that on February 8, 1978, Koury executed a general power of attorney appointing defendant as his attorney-in-fact. On January 24, 1979, the defendant, while acting in her capacity as Koury's attorney-in-fact, executed an agreement with Koury's wife whereby real property that Koury and his wife owned jointly would be transferred to Koury's mother. The agreement specified that defendant would receive a share of the proceeds of the sale and contemplated that defendant would hold such proceeds on Koury's behalf. In 1979, pursuant to this agreement, defendant and Koury's wife executed two deeds conveying the prop-

erty to Koury's mother. In 1979 and 1980, defendant received proceeds from the sale in her capacity as Koury's attorney-in-fact. Pursuant to the power of attorney, the proceeds from the sale were to be vested in Koury, and were to be held by defendant for Koury. Sometime after the conveyance, Koury died. After Koury's death, defendant stated that she had disbursed assets belonging to Koury to various individuals, and that plaintiff would not receive any of Koury's assets.

On September 23, 1991, plaintiff qualified as administratrix of Koury's estate. In her capacity as administratrix, plaintiff has demanded the defendant provide an accounting of all funds received or held by defendant on behalf of Koury. Defendant has refused to comply with plaintiff's request to provide an accounting of these funds.

On March 3, 1992, plaintiff filed her first bill of complaint. Defendant filed a demurrer which this court sustained with leave to amend. Plaintiff then filed her second amended bill of complaint on August 3, 1993. The amended bill restates the allegations contained in the first bill, but also asserts that from the time defendant acquired assets of Koury until defendant refused to provide an accounting, defendant "gave no indication of any breach of her fiduciary duty so that even by the exercise of due diligence prior to his demise, Leo Joseph Koury should not have reasonably been expected to discover any fraud or conversion of his assets by defendant." In addition, the amended bill contains new allegations that defendant concealed and converted assets belonging to Koury's estate. Specifically, the amended bill states that after Koury's death, defendant made statements to others that she had previously distributed funds belonging to the estate and that plaintiff would not get all of Koury's assets.

Defendant demurs to the amended bill on the ground that an attorney-in-fact has no duty to account to an administratrix of a deceased principal. Secondly, defendant pleads the statute of limitations, contending that because the statute of limitations on a suit against a fiduciary is ten years under Va. Code § 8.01–245, the instant case is time-barred.

Virginia law considers persons appointed as attorneys-in-fact under general powers of appointment to be fiduciaries who owe fiduciary duties to their principals. *See e.g., Oden v. Salch*, 237 Va. 525, 379 S.E.2d 346 (1989) (affirming damage award for estate against decedent's attorney-in-fact for fraudulent conversion of decedent's assets and holding as proper an instruction that attorney-in-fact owed fidu-

ciary duties to principal); *Creasy v. Henderson*, 210 Va. 744, 173 S.E.2d 823 (1970) (attorney-in-fact owes fiduciary duties to principal). As part of the fiduciary relationship between an attorney-in-fact and her principal, the attorney-in-fact has a duty to account to her principal for all property and funds belonging to her principal which the attorney-in-fact has acquired by virtue of the appointment. *See e.g., Bain v. Pulley*, 201 Va. 398, 111 S.E.2d 287 (1959) (quoting Restatement of Agency, "[u]nless otherwise agreed, an agent is subject to a duty to keep, and render to his principal, an account of money or other things which he has received or paid out on behalf of the principal.") This duty to account encompasses the proceeds of all sales made on behalf of the principal. Upon the death of the principal, the attorney-in-fact has a duty to account to the principal's administrator. *See Oden, supra.*

Applying these principles to the instant case, defendant had a duty to account to Koury or, after his death, to Koury's administrator for funds which defendant acquired by virtue of her appointment as Koury's attorney-in-fact. As noted above, the amended bill alleges that defendant served as Koury's attorney-in-fact. In this capacity, defendant received funds belonging to Koury which were intended to be held by defendant on Koury's behalf. Defendant failed to make an accounting to plaintiff after Koury's death of proceeds received by defendant on Koury's behalf. Thus, plaintiff has stated a claim for an accounting, and the demurrer as to the claim for an accounting is not well taken.

The court now turns to defendant's plea of the statute of limitations. Defendant argues that under Va. Code § 8.01–245, the limitation period for actions upon the bond of a fiduciary is ten years after the right to bring such action shall have first accrued. Accordingly, defendant contends that this suit, which is based on events occurring in 1979 and 1980, is time-barred.

The party pleading the statute of limitations has the burden of proving by a preponderance of the evidence that the cause of action accrued more than the statutory period before the action was commenced. *Columbia Heights, Section 3 v. Griffith-Consumers Co.*, 205 Va. 43, 47–48, 135 S.E.2d 116 (1964). Thus, the defendant in the instant case bears the burden of proof on whether the suit is barred by the statute of limitations.

In determining whether the instant suit is time-barred, the court must determine when the right to bring the suit first accrued, thereby com-

mencing the applicable limitation period. Although the amended bill reveals that defendant received proceeds from the sale of Koury's property as his attorney-in-fact in 1979 and 1980, the date on which defendant's alleged breach of fiduciary duties or conversion occurred is not stated. Nor can the date of defendant's alleged breach of fiduciary duties or conversion be fairly inferred. Indeed, the amended bill can be fairly construed to assert that defendant's fiduciary breach and conversion occurred within the ten year period preceding the commencement of this suit. In addition, defendant presented no evidence establishing that the date on which any breach of duty or conversion occurred was more than ten years preceding the filing of this suit. Absent such allegations or evidence, the court cannot at this time determine when the suit accrued and the limitation period commenced. Thus, defendant has not proven that the applicable statute of limitations bars plaintiff's suit.

For the foregoing reasons, the demurrer that plaintiff has not alleged a suit for an accounting is overruled. Further, defendant's plea of the statute of limitations is overruled.