## CIRCUIT COURT OF THE CITY OF RICHMOND

Judith D. Angles

v.

Adele W. Crosett,
Executor of the Estate of
A. D. Crosett, Jr.,
Deceased

May 24, 1994

Case No. LW-3047-3

BY JUDGE T. J. MARKOW

This matter came before the court on April 27, 1994, for hearing on the defendants' plea of the statute of limitations. The court heard arguments and received submissions of the parties on the plea of the statute of limitations.

Plaintiff filed the motion for judgment on November 9, 1993, alleging that defendants committed medical malpractice by failing to diagnose her breast cancer through mammography. Specifically, plaintiff alleges that on November 26, 1989, Dr. A. D. Crosett, Jr., while acting as an agent for defendant Chesapeake Mobile Imaging Services, Inc., improperly interpreted plaintiff's mammogram as normal, when the mammogram allegedly showed an abnormal cancerous lesion in her right breast.

The applicable statute of limitations provides, in pertinent part, that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A). Accrual of the cause of action is governed by Va. Code § 8.01-230, which provides, as pertinent, that a "cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person." Virginia's Supreme Court has construed "injury," as used in § 8.01-230, "to mean positive, physical or mental hurt to the claimant."

*Locke v. Johns-Manville Corp.*, 221 Va. 951, 957 (1981). Moreover, when any injury, though slight, is sustained as a result of an alleged wrong, the right of action for a personal injury accrues and the statute of limitations begins to run at once. *Richmond Redevelopment and Housing Authority v. Laburnum Construction Corp.*, 195 Va. 827, 838-39 (1954).

The dispositive question before the court is whether the plaintiff sustained any injury; namely any positive, physical hurt, though slight, as a result of defendants' conduct more than two years before the commencement of this action. It is well-settled that the party pleading the statute of limitations has the burden of proving by a preponderance of the evidence that the cause of action accrued more than the statutory period before the action was commenced. *Columbia Heights, Section 3 v. Griffith-Consumers Co.*, 205 Va. 43, 47-48 (1964). "The 'time plaintiff was hurt' is to be established from available competent evidence, produced by a plaintiff or a defendant, that pinpoints the precise date of injury with a reasonable degree of medical certainty." *Locke, supra*, 221 Va. at 959.

Defendants' argument that plaintiff's injury existed on November 26, 1989, is based entirely on the allegation in the motion for judgment that the plaintiff had an abnormal cancerous lesion in her right breast on that date. The court cannot take judicial notice nor find as a matter of law that the failure to make a diagnosis of an existing cancerous lesion in and of itself constitutes an injury. When injury occurred is a factual determination which must be supported by evidence. Defendants failed to present any medical evidence on when plaintiff's injury occurred. Absent such evidence, the court is not in a position to determine when plaintiff's injury occurred. Thus, defendants have not satisfied their burden of proof on the plea of the statute of limitations.

For the foregoing reasons, the plea of the statute of limitations is overruled.