# CIRCUIT COURT OF ALBEMARLE COUNTY

Rectors and Visitors
of the University of Virginia

v.

Shirley F. Wise

### September 29, 1997

BY JUDGE PAUL M. PEATROSS, JR.

This case comes before the Court on the Motion for Judgment filed by the Rector and Visitors of the University of Virginia against Shirley F. Wise, spouse of Burnett F. Wise, who was treated at the UVA Medical Center in 1990. The Motion for Judgment claims hospital charges incurred in the sum of $124,034.27 for which Ms. Wise as spouse of Burnett F. Wise is liable pursuant to Code § 8.01-220.2 of the Code. Ms. Wise has filed a motion to dismiss the claim on the basis that the applicable statute of limitations has run, which Shirley Wise claims is three years for suits on implied contracts or open accounts.

### *Discussion of Law*

### I. *Running of the Statute of Limitations*

Section 8.01-230 of the Virginia Code stipulates that "in every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date ... when the breach of contract occurs." Further, the Supreme Court of Virginia has stated that "it is well settled in our jurisdiction that the statute of limitations begins to run from the time the account is due." *Columbia Heights, Inc. v. Griffith-Consumers Co.*, 205 Va. 43, 47 (1964); *see also, Caudill v. Wise Rambler*, 210 Va. 11, 13 (1969); *Quackenbush v. Isley, Exec.*, 154 Va. 407, 413 (1930).

Although the record in this case contains some discrepancy regarding the exact date when the care provided to Mr. Wise by the UVA Medical Center ended (i.e., the plaintiff's motion for judgment states care ended on November 17, 1990, but its affidavit states care ended on November 12, 1990), it is clear that care ended and payment became due at some point in November, 1990. When no payment was forthcoming, the plaintiff's right of action arose and the relevant statute of limitations began to run.

## II. The Commonwealth's Exemption
### from the Statute of Limitations

Section 8.01-231 of the Virginia Code mandates that "no statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf" of the Commonwealth. This element of sovereign immunity does not merely protect the Commonwealth alone, it also extends to state agencies. *Burns v. Stafford County*, 227 Va. 354, 357 (1984); *Delon Hampton & Assocs. v. WMATA*, 943 F.2d 355, 359-60 (4th Cir. 1991).

In *James v. Jane*, 221 Va. 43 (1980), the Supreme Court of Virginia regarded the UVA Medical Center as a part of the University and declared that "the University of Virginia is controlled by the Rector and the Visitors of the University of Virginia, a public corporation created for that purpose ... . No one questions the fact that this agency of the Commonwealth of Virginia is entitled to the protection of the immunity of the state." Therefore, claims of the UVA Medical Center are not barred by the statute of limitations.

The defendant has argued that, in the wake of recent statutes intended to give the UVA Medical Center greater autonomy, it can no longer be properly classified as an agency of the Commonwealth and thus should not be exempted from the statute of limitations. However, the two statutes relied upon by the defendant, §§ 23-77.3 and 23-77.4, were not enacted until 1994 and 1996, respectively. At the time the plaintiff's right of action arose in 1990, the UVA Medical Center was clearly an agency of the Commonwealth. The statute of limitations, or lack thereof, was triggered at that time. Even if the defendant's argument that the UVA Medical Center is no longer an agency of the Commonwealth is accepted, it has no bearing on this matter because at the time the right of action arose, there was no applicable statute of limitations. The defendant is seeking to have the Court hold that §§ 23-77.3 and 23-77.4 were intended by the General Assembly to retroactively strip the UVA Medical Center of its immunity from the statute of limitations, even though neither provision makes any mention of statutes of limitations.

## Conclusion

At the time the plaintiff's right of action accrued in 1990, the plaintiff was irrefutably an agency of the Commonwealth. As such, it was immune from the effects of the statute of limitations. Statutory provisions which were enacted several years after the right of action accrued and which make no mention of the statute of limitations should not be read to retroactively strip the UVA Medical Center of its immunity under § 8.01-230.

The Motion to Dismiss the claim on the basis of the statute of limitations is denied.