## CIRCUIT COURT OF FAIRFAX COUNTY

Quadriga Art, Inc.

v.

Law Enforcement
Alliance of America

December 5, 2005

Case No. (Law) 2005-4340

BY JUDGE RANDY I. BELLOWS

This matter is before the Court on Defendant Law Enforcement Alliance of America's ("LEAA") Demurrer to Count II and Count IV of Plaintiff Quadriga Art, Inc.'s ("Quadriga") Motion for Judgment. Parties submitted briefs prior to the November 4, 2005, hearing and, at the conclusion of oral argument, the Court took the matter under advisement. After considering the party's briefs and oral arguments, the Court finds that the demurrer to Counts II and IV should both be sustained with leave to amend.

### I. *Legal Standard*

The purpose of a demurrer is to determine, as a matter of law, whether facts as they are pleaded are sufficient to pursue the legal and equitable relief sought. *See Votsis v. Ward's Coffee Shop, Inc.*, 217 Va. 652, 231 S.E.2d 236 (1977). A demurrer admits all facts alleged and gives every reasonable inference to the plaintiff. *See CaterCorp, Inc. v. Catering, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993). However, a demurrer does not admit the legitimacy of any legal conclusions. *Id.* Generally, the Court will grant leave to

amend a pleading where a demurrer is sustained. However, the Court will sustain a demurrer without granting leave to amend where it appears that this will only lead to a reassertion of an issue of law already ruled upon. *See Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 337 S.E.2d 744 (1985).

## II. *Background*

Plaintiff Quadriga Art, Inc. ("Quadriga") alleges that, on February 12, 2004, Law Enforcement Alliance of America, Inc. ("LEAA") purchased approximately $200,000 worth of marketing materials from Quadriga. To secure payment, the parties entered into an agreement whereby the revenue generated from the marketing materials would be placed in an account in a "caging facility" for the benefit of Quadriga's debt.

LEAA allegedly received revenue in excess of the amounts owed to Quadriga as a result of the marketing materials. However, even after Plaintiff submitted invoices to LEAA and repeatedly made demands for this excess revenue, LEAA refused to pay Plaintiff.

Plaintiff further alleges that LEAA converted the money owed to Quadriga by diverting it from the account maintained for Quadriga. Quadriga seeks damages in the amount of $254,000 for the goods tendered and the services rendered.

At issue in this Demurrer is Count II in which Plaintiff alleges an account stated and Count IV where Plaintiff alleges conversion.

## III. *Count II: Account Stated*

Count II is an action to recover on an "account stated." Defendant demurrers to Count II arguing that account stated is a rule of evidence and not a cause of action. Alternatively, Defendant argues that its alleged failure to respond or refute invoices does not constitute a cause of action for an account stated. Plaintiff counters that it has adequately set forth a claim for an account stated.

There can be no question that a settled account sets forth a cause of action in Virginia. The Supreme Court of Virginia expressly stated that, "when there is a settled account, that becomes the cause of action, and not the original account; although it grew out of an account between merchant and merchant, their factors or servants." *Ellison v. Weintrob*, 139 Va. 29, 35, 123 S.E. 512 (1924).

Lacking an expressly settled account, an account stated also exists where a set of circumstances exist that collectively create a presumption that over time an unsettled account has become an ascertained debt. An account is presumed to be settled via an implied admission where a party retains, "for a long time, without objection, the account of the other party, which has been presented to him, showing a balance against him." *Id.* (quoting approvingly from *Watson v. Lyle's Adm'r*, 31 Va. (4 Leigh) 236, 249 (1833)). As such, where these circumstances exist, "all intricacy of account, or doubt as to which side the balance may fall, is at an end." *Id.*

On demurrer, the appropriate inquiry is whether Plaintiff has set forth facts in its pleading to sufficiently state a cause of action for an account stated. After considering the pleadings in their entirety, the Court is of the opinion that Plaintiff has failed to set forth sufficient facts to survive demurrer. Specifically, while Plaintiff has asserted retention of the account without objection, Plaintiff has not alleged sufficient facts to establish that the retention was for a "long time." Accordingly, Count II will be dismissed with leave to amend.

## IV. *Count IV: Conversion*

Count IV is a claim for conversion. In *United Leasing Corp. v. Thrift Ins. Corp.*, the Supreme Court of Virginia explained that the tort of conversion "encompasses any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it." 247 Va. 299, 305, 440 S.E.2d 902 (1994) (internal quotations omitted).

The February 12, 2004, agreement between the parties provides, in paragraph 4, that "revenues generated from the acquisition mail and acquisition mail follow up mailings to the newly acquired names will be deposited into and maintained by a caging facility selected by [Quadriga] subject to LEAA's approval." However, in paragraph 14 of the Motion for Judgment, Plaintiff alleges that, "as a result of Quadriga's mailings made on behalf of LEAA, *including but not limited to the acquisition mail appeal and follow up mailings*, LEAA received contributions in excess of the amounts due and owing to Quadriga pursuant to the February 12, 2004, agreement and the aforesaid invoices, which amounts were to be held for the benefit of Quadriga to pay its invoices." Emphasis added. At paragraph 4 of the Motion for Judgment, Plaintiff references this agreement as Exhibit A. While the

102

Court's file does not actually contain any such exhibit, the Court accepts Defendant's representations as to the contents of this agreement for purposes of this motion.

The allegations contained in Count IV of the Motion for Judgment are inconsistent with the February 12, 2004, agreement. Accordingly, Defendants demurrer to Count IV will also be sustained and dismissed with leave to amend.

## Order

This matter came before the Court on Defendant Law Enforcement Alliance of America's Demurrer to Count II and Count IV of Plaintiff Quadriga Art, Inc.'s Motion for Judgment. It is hereby ordered that the demurrer to Count II and Count IV is sustained, Counts II and IV are dismissed without prejudice, and Plaintiff is granted leave to amend. The Clerk is directed to provide a copy of this order to counsel.