# CIRCUIT COURT OF THE CITY OF ROANOKE

Carilion Medical Center

v.

Christy L. Ady
and Thomas Ady

November 24, 2008

Case No. CL07000385-00

BY JUDGE CHARLES N. DORSEY

*Facts*

The defendant, Christy Ady, was treated at Carilion Roanoke Memorial Hospital for medical problems from May 12, 2001, until May 21, 2001. Her husband, Thomas, is also a party defendant as it is alleged that the parties were legally married and he was consequently legally responsible for any indebtedness incurred by his wife under the doctrine of spousal necessaries. For the purposes of this opinion, that distinction is not significant and both defendants are referred to simply as "Defendants." The plaintiff is referred to as "Carilion."

At or about the date of admission of Ms. Ady to Carilion, a written contract was entered into. In pertinent part, paragraph 7 of that contract provides:

> PROMISE TO PAY: In return for services rendered to me/the patient, I understand that I/the patient owes, and unconditionally agree and promise to pay, the Hospital the full amount charged for these services. I understand that the Hospital bill is payable in full within ninety (90) days of discharge or within sixty (60) days of health insurance payment or denial, or it will be subject to a 5% late charge. If the indebtedness is placed for collection,

I/the patient will pay reasonable attorney's fees and collection costs. No changes in this agreement shall be valid unless initiated by an authorized representative of the Hospital.

The facts are not disputed. Defendants note that discharge from Carilion was on May 21, 2001 and insurance benefits were denied on May 18, 2001. Without more, Defendants would have been in breach of the contract, at the very latest, ninety days following discharge, or August 19, 2001. Consequently, any right of Carilion to sue on the contract would have accrued by that time and pursuant to Virginia Code § 8.01-246, the statute of limitations would have expired five years later on August 19, 2006. Carilion filed the present action in February 2007.

Carilion urges that the five years statute of limitations does not apply as the debt complained of is an "open account." Virginia Code § 8.01-249 states that, when an action is based on an open account, the cause of action accrues upon the last payment or the last charge for goods or services, whichever is later.

## Issue

Simply put, is this account an "open account" or not? If it is not, the statute of limitations applies and the action is barred. If it is, the statute does not apply and the action may proceed.

## Analysis

Many cases within the jurisprudence of Virginia use the term "open account." Most take it as a given that the audience understands the meaning of the term. The parties cite different editions of *Black's Law Dictionary* to support their respective interpretations of the term.

The most recent definition by the Virginia Supreme Court is contained in *United Savings Association of Texas v. Jim Carpenter Co.*, 252 Va. 252, 475 S.E.2d 788 (1996), a case argued by both parties. Though the *Jim Carpenter* case was in the context of mechanics' liens, Justice Koontz stated, "The term 'open account' can be applied generally to any unsecured line of credit." *Id.* at 256, n. 2 (citing *Black's Law Dictionary* 1090 (6th ed. 1991)). That definition is sufficient for this case.

The purpose of permitting causes of action on open accounts to accrue on the later of the last payment or the last charge for goods or services is clearly due to the implicit nature of a promise to pay for goods or services which are later provided on the open account. In fact, the earliest Virginia case

found on this topic is *Beall v. Edmondson*, 7 Va. (3 Call) 514 (1790), in which the Supreme Court of Virginia concluded that a promise to pay at the time of delivery constituted consideration of a moral obligation and supported the action justifying a verdict for the seller. *Id.* at 520-21.

Put another way, and using language that was applied by the Supreme Court of Virginia in another context, an open account is not a situation in which there is "only a single transaction with the debits all on one side." *Ellison v. Weintrob*, 139 Va. 29, 37, 123 S.E. 512 (1924).

While open accounts are more ordinarily seen in commercial and mercantile contexts, they certainly may apply in a context of medical services as well. See, e.g. *Snead v. Bendigo*, 240 Va. 399, 397 S.E.2d 849 (1990); *Combs v. Dickenson-Wise Medical Group*, 233 Va. 177, 355 S.E.2d 553 (1987). The most typical example of an open account was described in *Columbia Heights Section III, Inc. v. Griffith-Consumers Co.*, 205 Va. 43, 135 S.E.2d 116 (1964), where the Court stated in a case pertaining to an open account that "continuous deliveries were made and various services rendered, and that, from time to time, defendant made payments on the account. The payments were always in round figures, usually $1,000.00, and bore no relation to the amount of charges or the existing balance appearing on the statement." *Id.* at 46.

Similarly, under the facts of this case, the contract, drafted by Carilion, made clear that the bill was "payable in full" within ninety days of discharge. There was no "line of credit." Carilion now contends that that time frame was solely to determine whether any unpaid balance would be subjected to interest. The language of the contract makes clear that the bill was to be payable in full at that time and also makes clear that, if it is not paid in that time, it will be subject to interest charges. The contract was drafted by Carilion, and any ambiguities are resolved in favor of Defendants. See *Martin & Martin, Inc. v. Bradley Enters., Inc.*, 256 Va. 288, 291, 504 S.E.2d 849 (1998). The mere fact that interest is included does not change the fact that the account was due and payable in full at that time. Consequently, the cause of action accrued not later than August 19, 2001, and the suit was initiated outside the applicable period of limitations.

Carilion is not without a remedy in this situation, as aptly noted by counsel for Defendants. Carilion could have required the signing of a new contract at any time over the five year period of limitations or could have elected to file suit within the period of limitations or take other action to preserve its rights as permitted by law. Having elected not to do so, it is bound by the statute of limitations in this case and the Defendants' plea of the statute of limitations is sustained and the matter is dismissed with prejudice over the objection of Carilion.